# Alabama Great Southern Ry. Co. *v.* Sanders.

*Action for Damages for Destruction of Property by Fire.*

[DECIDED FEB. 17, 1906, 40 So. REP. 402.]

1. *Appeal; Exclusion of Evidence; Prejudice.*—Where a witness has already fully stated the matter inquired about, it is not error to refuse to permit a question to be asked calling for the same testimony.

2. *Same; Admission of Evidence.*—It was not error to permit one shown to be an expert to testify, over a general objection, that cotton could not be set on fire by steam pipes in plaintiff's cotton dryer, where no pretense was made by defendant that the fire originated in that manner.

3. *Same; Objection not Urged on Trial.*—Where a general objection was interposed to the introduction of evidence on the trial, particular objections cannot be urged to it for the first time on appeal.

4. *Railroads; Fires; Pleadings; Proof.*—In a complaint charging negligence generally in setting fire to cotton, it was competent for plaintiff to show that the fire originated from sparks emitted by the engine either for want of proper equipment or from negligence in its operation.

5. *Same; Evidence; Instructions.*—In this case it was proper for the court to instruct the jury that if they believed from the evidence that the spark arrester was patched and so worn that its meshes were larger than when first made, and that the arrester was not of the best and safest kind used on well regulated railroads, and that just prior to the discovery of the fire sparks of unusual size and in unusual quantities were emitted from the engine, this made out, *prima facie,* a case of negli-

29

[Alabama Great Southern Ry. Co. v. Sanders.]

gence on defendant's part, although such evidence was contradicted.

6.  *Pleadings; Disjunctive averments.*—Where each count of the complaint is in case averring simple negligence, it is unimportant that the negligence is averred in the disjunctive; as the same testimony would entitle plaintiff to recover in either, and the same defense would be available to defeat either.

7.  *Sam; Demurrer.*—Defective or indefinite statements as to negligence, or as to the cause of such negligence, are matters for demurrer.

8.  *Trial; Instructions.*—Argumentative charges, charges which ignore the evidence, or that invade the province of the jury are properly refused.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

This was an action for the destruction of cotton by fire alleged to have been caused by sparks from the defendant's engine on account of defect in the spark arrester. The fire originated in the cotton, and spread to the building and other contents, most of which was consumed. In his charge to the jury, only a part of which was set out in the record, the court used the following language: "If you are reasonably satisfied from all the evidence in this case that this fire originated by sparks from an engine on the defendant's railroad track and operated by the railroad company, and that these sparks were emitted in unusually large quantities and were unusually large size, then *prima facie* the cause is attributable to the negligence of the defendant, either in not having the engine handled with due care and skill, or else in not having proper appliances to arrest the sparks. Now, if you believe that, gentlemen of the jury, under the circumstances just stated, then the plaintiff would make out his case to that point, and would be entitled to recover, if you should find that those facts are the facts; that the sparks emitted from that engine in unusually large quantities, unusually large sparks, did set fire to and burn the plaintiff's property, the dye house and the contents, then the plaintiff would be entitled to recover." To this part of the oral charge defendant excepted.

The court gave the following charges at the request of plaintiff: Charge 1. "In a case of this kind, if the

plaintiff has reasonably satisfied you from the evidence that the fire was caused by defendant's locomotive, he has nothing to do until the defendant has reasonably satisfied you of each and all of the three following things: First, that so far as regards the throwing of sparks the engine was properly built; second, that in that respect it was not in a bad or defective condition; third, that the throwing of sparks was not caused by unskillful or careless management of the locomotive. And, even should the defendant in its turn reasonably satisfy you of all the three things above named, yet the plaintiff may by its evidence overcome the evidence of the defendant, and show you that the fire was set out from the engine, either because it was badly built, in bad condition, or badly handled, and if from all the evidence in the case you believe that the fire was caused by negligence of the railroad your verdict must be for the plaintiff." Charge 2. "If you are reasonably satisfied from the evidence in this case that the building was set on fire by the engine of the railroad company, then you will return your verdict in favor of the plaintiff, unless the defendant has reasonably satisfied you from the evidence in the case that the engine was not improperly constructed, nor in defective condition as regards the throwing of sparks of fire, and that the same was skillfully handled as regards the throwing of sparks." Charge 3. "If the jury find for the plaintiff, they will assess his damages at the value of the building and such portion of its contents as were wholly destroyed, and at such further amount as will, in the judgment of the jurors, under the evidence in the case, compensate the plaintiff for such damages as he may have suffered by reason of injury by fire to that portion of the building or contents which was not wholly destroyed by fire." Charge 4. "If the jury believe from the evidence that the plaintiff's building was set on fire by sparks or coals from the defendant's engine, and that said sparks or coals were emitted or dropped from said engine either because of the defective condition or improper construction of said engine, or because of the negligent handling or management of said en-

gine, they will return a verdict for the plaintiff, J. W. Sanders." Charge 5. "Uncertainty in your minds as to whether the fire was caused by reason of the engine being improperly made, or being in bad condition, or being badly handled in respect to the throwing of sparks, is no reason for failing to find a verdict for the plaintiff; and it will be your duty to find your verdict for the plaintiff if you believe from the evidence that the fire was caused by either one of those three causes."

The defendant requested the following charges, which were refused. Charge 1. "If the jury believe all the evidence in this case, they must find a verdict for the defendant." Charge 4. "The court charges the jury that the evidence is uncontroverted that the engine which it is alleged caused this fire was in good condition at the time of the injury complained of." Charge 7. "The court charges the jury that the mere fact, if it be a fact, that the property of the plaintiff was discovered to be on fire soon after the passage of one of defendants's engines, raised no presumption that said fire was originated by sparks escaping from said engine." Charge 13. "The court charges the jury that the presumption of negligence on the part of the railroad company, which arises from the mere fact that fire is started by sparks from an engine, is not a conclusive presumption, nor it is a strong presumption, but it is a weak and unsatisfactory presumption, and is indulged in merely for the purpose of putting the railroad company to proof, and compel it to explain and show with a reasonable and fair degree of certainty that it had performed its duty in regard to the equipment and management of its engine; and if the railroad company should show by proper proof that its engine was properly equipped and properly handled, it has overcome the *prima facie* presumption of negligence, and without more the plaintiff cannot recover." Charge 19. "If you believe the evidence in this case, you cannot find a verdict for the plaintiff on the first count of the complaint as amended." Charge 20. "If you believe the evidence in this case, you cannot find a verdict for the plaintiff on the second count of the complaint as amended." Charge 21. "If you believe the evidence in

[Alabama Great Southern Ry. Co. v. Sanders.]

this case, you cannot find a verdict for the plaintiff on the third count of the complaint as amended." Charge 26. "If the jury believe all the evidence in this case, they cannot find a verdict for the plaintiff on the fourth count of the complaint, added as an amendment."

A. G. and E. D. SMITH, for appellant.—The questions propounded by appellants to the witness, Sanders, should have been allowed, and the court erred in sustaining objections therto.—1 Greenleaf on Evidence, (16th Ed.) 450; A. G. S. R. R. Co. v. Johnson, 128 Ala. 395; L. & N. R. R. Co. v. Tegner, 125 Ala. 593. (Counsel discusses and argues other assignments of error treated in the opinin relating to the evidence and to the oral charge of the court, and also the giving of charges 1, 2, 4, and 5 requested by appellee, but cites no authorities). The court should have given charges 1, 19, 20, 21 and 26 requested by the appellant. Each one of the counts of the complaint charges the defendant or its employees with negligence.—Southern Ry. Co. v. Bunt, 131 Ala. 591; Tinney v. Central of Ga. Ry. Co., 129 Ala. 523; Porter v. Herman, 8 Cal. 619; A. G. S. R. R. Co. v. Williams, 37 So. 255; City Delivery Co. v. Henry, 139 Ala. 161; Birmingham Southern R. R. Co. v. Gunn, 37 So. 329; Southern Ry. Co. v. Yancey, 37 So. 341.

There is no evidence in the record to raise the prima facie presumption of negligence on the part of the railroad. A mere tendency of the evidence to show that the fire originated by sparks is not sufficient to raise that prima facie presumption of negligence, so as to cast the burden on the defendant.—L. & N. R. R. Co. v. Malone, 109 Ala. 516; L. & N. R. R. Co v. Marbury Lumber Co., 132 Ala. 520. The court should have given charge 7 requested by appellant.—Gandy v. C. & N. W. R. R. Co., 33 Iowa, 420; P. & R. R. Co. v. Ferger, 73 Pa. St. 121; I. & C. R. R. Co. v. Parramore, 31 Ind. 143. Charge 13 should have been given.—L. & N. R. R. Co. v. Marbury Lumber Co., 125 Ala. 255; Spalding v. C. & N. W. R. R. Co., 30 Wis. 122. The court should have granted a new trial on defendant's motion and erred in not doing so.—Cobb v. Malone, 92 Ala. 630; Birmingham Railway &

*Electric Company v. Clay,* 108 Ala. 233; *Davis v. Miller,* 109 Ala. 589; *Teguc v. Bass,* 131 Ala. 422; *Southern Ry. Co. v. Lawler,* 135 Ala. 375; *Power Company v. Owen,* 135 Ala. 154; *Birmingham Railway & Electric Co. v. Ward,* 124 Ala. 409.

HENRY A. JONES, for appellee.—The court did not err in any of its rulings on the admissibility of testimony. The oral charge of the court correctly stated the law.—*L. & N. R. R. Co. v. Marbury Lumber Co.,* 132 Ala. 520; *A. G. S. R. R. Co. v. Johnson,* 128 Ala. 283; *L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 237; *L. & N. R. R. Co. v. Malone,* 109 Ala. 509. The court did not err in refusing charges 1, 19, 20, 21 and 26 to the appellant. The cases cited by appellant fail to support his contention, but rather support the contention of appellee that these charges were properly refused.—*Southern Ry. Co. v. Shelton,* 136 Ala. 191; *L. & N. R. R. Co. v. Duncan & Orr,* 137 Ala. 436; *Central of Ga. Ry. Co. v. Freeman,* 134 Ala. 354. Charge 7 requested by appellant and refused, is an invasion of the province of the jury. Charge 13 was also properly refused.—*Spalding v. C. & N. R. R. Co.,* 30 Wis. 122; *L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 255. Appellant's motion for a new trial was properly overruled.—*Southern Ry. Co. v. Shelton,* 136 Ala. 191; *Taylor v. Conley,* 113 Ala. 580; *Dillard v. Savage,* 98 Ala. 598; *Holloway & Gilchrist v. Harper,* 108 Ala. 647.

DOWDELL, J.—No questions arise in this case on the pleadings. The complaint contained four counts; all of which were in case; each court averring simple negligence on the part.of defendant, its agent, or employees.

The first seven assignments of error relate to the rulings of the trial court on the admission and rejection of testimony. The first assignment of error complains of the ruling of the court in sustaining appellee's objection to the question propounded by the appellant to the witness Minnie Sanders. This question called for a mere. opinion or conclusion of the witness, and which on the facts predicated in the question the jury were as com-

petent to give as the witness. Consequently no reversible error was committed by the court in its ruling.

The second assignment of error is based on the ruling of the court in sustaining appellee's objection to the question by appellant put to the same wtiness: "Whether or not she had been connected with or worked for the mills at Cottondale, of which the plaintiff in this case was superintendent." The evidence sought to be elicited by this question could have had no other purpose than to show feeling or bias on the part of the witness. The witness had already testified that she was at the time of the fire which destroyed plaintiff's property, and which was averred to have been the result of defendant's negligence, working for the plaintiff, and had been working for him ever since, and was working for him on the day of the trial of the case. Manifestly, in the ligt of this evidence, no possible harm or injury resulted to the defendant from the court's ruling.

The competency of the witness J. W. Sanders to testify as an expert was sufficiently shown by the evidence, and no error was committed by the court in overruling the objections of the appellant to the questions put to this witness, and which are shown in assignments of error 3, 4, and 5.

The following question was asked the witness L. D. Sanders by the plaintiff, appellee here: "In your judgment and opinion, as an expert in the cotton mill business, could cotton be set on fire by steam from the pipes through which it is conveyed to dry the cotton?" This question was objected to by the defendant. The court overruled the objection, to which ruling the defendant excepted. No ground of objection being specified, the objection to the question was general. The witness' competency to testify as an expert had been shown. It is, however, insisted here by counsel for appellant that there was no pretense that cotton could be set on fire by steam from the pipes. This being true, the question and the witness' answer to it, that it could not be set on fire by the steam from the pipes, was harmless to the defendant. Moreover, the ground of objection insisted upon here was not specified, and, the question not being

one which on its face called for illegal evidence, the court will not be put in error for overruling a general objection. For the same reasons, there was no error in overruling the objection to the question to the witness N. J. Appleyard.

The first count of the complaint charges negligence generally, without specifying whether it was in the equipment or operation of the engine. Under this count it was competent to show negligence on either of these two phases. The main contention in this case was whether the fire which destroyed plaintiff's property originated from sparks thrown from defendant's locomotive engine, and, if so, then whether or not the defendant's locomotive engine was properly equipped and properly handled. As to the origin of the fire, it is conceded that there was a conflict in the evidence; but it is insisted in argument of counsel for appellant that the defendant's evidence clearly and without any conflict showed that the defendant's engine was properly equipped and properly handled. In this, however, we cannot agree with appellant's counsel. The undisputed evidence did not show that the engine was properly equipped with proper appliances to arrest sparks. The two witnesses, Mitchell and Carter, testifying in behalf of the defendant as to the equipment of the engine in question, and who made an examination of the engine, about two days after the fire, on its return trip to Birmingham, we think in some material particulars contradict each other. While one of these witness testified to having found the spark arrester in good condition and such a one as is used by all well regulated railroads, the other witness testified that the spark arrester had been patched and had worn so that the meshes were larger than when it was first made, and it was also inferable from the testimony of this latter witness that the spark arrester was not of the best and safest kind in use on all well regulated railroads in the Birmingham district.

Several witnesses for the plaintiff testified that, a few minutes before the fire originated and was discovered in the building which was destroyed, the defendant's en-

gine passed by and at the time was emitting sparks of unusual size and in unusually large quantities. There was also evidence on the part of the plaintiff to the effect that the fire could not have originated other than by sparks thrown from the defendant's engine. While this was contradicted by defendant's evidence yet, on this phase of the evidence, the portion of the oral charge of the court, which was excepted to by the defendant and here assigned as error, correctly stated the law in accordance with the doctrine heretofore laid down by this court in the following cases.—*L. & N. R. Co. v. Marbury Lumber Co.*, 132 Ala. 520, 32 South. 745, 90 Am. St. Rep. 917; *A. G. S. R. Co. v. Johnson*, 128 Ala. 283, 29 South. 771; *L. & N. R. Co. v. Marbury Lumber Co.*, 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; *L. & N. R. Co. v. Malone*, 109 Ala. 509, 20 South. 33.

In the foregoing consideration by us of the part of the oral charge of the court, which was expected to, we have had in mind the fact that the bill of exceptions does not purport to set out all the oral charge of the court to the jury. It is apparent, from the portion of the oral charge set out in the record, that the court was then dealing with the subject of a *prima facie* case as made by the plaintiff on his evidence, and on such a case the statement of the law by the court was correct. It will not be presumed, in order to put the court in error, that the court, in other portions of its oral charge, failed to state the defendant's side of the case; that is, what would be sufficient to meet and overcome the *prima facie* case of the plaintff. In other words, that if the jury believed from the evidence that the engine was properly equipped and properly handled, and that the emission of the sparks was not due to any negligence on the part of the defendant or its agents, then the plaintiff would not be entitled to recover. Both of these propositions contain correct statement of the law, and each has its proper place in the charge of the court to the jury. An error cannot be predicated upon the statement of either one, unless a failure or refusal to state the other affirmatively appears.

Written charge No. 1, which was given at the request of the plaintiff, stated the law in accordance with the views hereinabove expressed and the principles laid down in the cases above cited; nor do we find that the court committed any error in the giving of charges 2, 3, 4, and 5, requested by the plaintiff.

The contention of appellant's counsel that "the averments in each of the counts are in the disjunctive," and that "they embrace two different kinds of action and affirm neither one, but merely affirm that it is one or the other," is without merit. Counsel seemed to rely in support of their contention on the doctrine laid down in the case of *Sou. R. Co. v. Bunt,* 131 Ala. 591, 32 South. 507. The principle stated in that case has no application here. There two distinct causes of action, one in trespass and the other in case, were averred in the alternative; here there is but one cause of action averred in the count or counts, and that is in case and predicated on simple negligence. It is unimportant whether the simple negligence is averred as that of the principal or of his agent, acting within the scope of his authority. In either case there is an averment of but one cause of action. Both are in case, both charge simple negligence only, and the same testimony would entitle the plaintiff to a verdict in either, and the same defenses would be available to the deefndant in either. If these counts were defective, it certainly was not because they averred two diffrent and distinct causes of action. If they were otherwise defective because of indefiniteness or uncertainty in the language employed, such defect should have been pointed out on demurrer; and it may be that the counts were defective in not averring that the negligent act of the servant or agent was committed while acting within the line of his duty or employment, but this was matter to be reached by demurrer. Not all of the counts, however, of the complaint, contained the averment in the alternative, but only the first, second, and third counts. This disposes of written charges 1, 19, 20, 21, and 26, requested by the defendant, and which were refused by the court.

Written charge No. 4, requested by the defendant, was properly refused. As we have seen, the evidence in re-

[Alabama Great Southern R. R. Co. v. Clarke.]

gard to the equipment of the engine was not free from conflict, and this charge was therefore an invasion of the province of the jury.

Charge No. 7, requested by the defendant, if for no other reason, was properly refused as being argumentative. Moreover, this charge ignored that part of the plaintiff's evidence which went to show that the sparks emitted were in unusual size and in unusual quantities, and the charge, therefore, in this respect had a misleading tendency.

Charge No. 13 was also argumentative, and for this reason, if no other, faulty, and the court in its refusal committed no error.

We have carefully considered all the evidence in this case, contained in the record, and under the rule laid down in the leading case of *Cobb v. Malone*, 92 Ala. 630, 9 South. 738, and which has since been followed by this court in many other cases, we are not prepared to say that the trial court committed any error in overruling the motion for a new trial. We fail to find any reversible error.

Affirmed.

HARALSON, SIMPSON and DENSON, JJ., concur.

