# Southern Railway Co. v. Darwin, *et al.*

*Action for Damages for Injury to Property by Fire*

(Decided May 14, 1908.  Rehearing denied July 3, 1908.  47 South. 314.)

1. *Railroads; Fire; Precautions Against Fire; Negligence.*—The owner of property along or near the track on which locomotives are operated assumes the risk of loss by fire started without negligence, on the part of the railroad where the risk is increased by. permitting the premises to remain in a highly combustible state, or by locating his building in. exposed position with reference to flying

[Southern Railway Co. v. Darwin, et al.]

sparks; an owner may use his property in any natural and lawful manner without being guilty of contributory negligence in case of fire, and without taking upon himself other risks than such as are incident to the operation of the railroad with proper care; hence, he is entitled to damages for injuries by fire from negligence in the construction or management of locomotives, or the condition in which the track is permitted to remain.

2. *Same.*—As to owners of property adjacent to its right of way, the railroad owes them the duty to employ machinery of most approved construction and to operate its engines with such reasonable precautions as are consistent with the lawful, reasonable and effective conduct of its business.

3. *Same.*—Property owners adjacent to a railroad right of way are under no obligations to stand guard over such property to protect it from the negligence of the railroad company, nor are they bound to keep the property in such condition as to guard against the negligence of the railroad company, nor to remove combustible matter therefrom, to provide against the consequences of a probable negligence of the company in communicating fire thereto.

4. *Same.*—The negligence that will preclude the owner of property adjacent to a railroad right of way, recovering for loss by fire, negligently set out by the railroad company, is the failure to do that which prudence requires for the protection of his property, or the doing of some act inconsistent with its preservation, after the fire had been set; from which it follows that a plea setting up contributory negligence on the part of the owner in not having a watchman at the property, though he knew of the proximity of the property to the right of way, and the liability of fire from passing trains, and a plea alleging that the owner with such knolwedge negligently piled the cotton near the right of way, is each subject to demurrer, as a defense to an action against the railroad company for negligently setting out fire.

5. *Same; Evidence; Admissibility.*—When the jury could infer from the evidence that the engine in question set out the fire, it was competent to adduce testimony as to the throwing out of large volumes of sparks by such train; such evidence tending to show that such engine did not have a good spark arrester or that it is out of repair.

6. *Same; Instructions.*—A charge asserting that uncertainty in the minds of the jury as to whether the fire was caused by reason of the engine being improperly made, or in bad condition, or badly handled, is no reason for failure to find a verdict for the plaintiff, and that a verdict for plaintiff must be found if the fire was caused by either of such causes, and that, if plaintiff has shown that the fire was caused by the engine, plaintiff has nothing to do until the company has reasonably shown that the engine was properly built, was not in a bad or defective condition, and that the throwing of sparks was not caused by careless management, was not erroneous.

7. *Same.*—A charge asserting that the evidence did not authorize a recovery on the ground of defects in the spark arrester, or because of the improper construction of the engine, etc., was not improperly refused; where the evidence justified an inference that the engine was improperly handled, and did not have a modern spark arrester, although the evidence for the company justified the contrary inference. (McClellan, J., dissents.)

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON,

Action by J. W. Darwin and another against the Southern Railway Company for damages for the destruction of property by fire. From a judgment for plaintiffs, defendant appeals. Affirmed.

The cause was tried upon counts 3 and 4, which allege simple negligence and the destruction of the property therein described by means of fire negligently communicated from one of the locomotives being operated by defendant on its said railroad. The second special plea alleges the proximity of the gin house to the railroad, and the contributory negligence of plaintiff in not having a watchman at the gin, since the plaintiff knew of the proximity of the gin and cotton to the railroad and the liability of fire from passing trains. Plea 3 alleges the proximity of the gin to the railroad and that with this knowledge plaintiff piled cotton carelessly and negligently so near to the railroad and the gin, knowing of its exposed condition to fire and that it would communicate the fire to the gin, etc. Pleas 4 and 5 are an elaboration of pleas 2 and 3. A number of demurrers not necessary to be here set out were interposed to these pleas and sustained. The facts are sufficiently stated in the opinion.

At the request of the plaintiff the following charges were given for the plaintiff: "(2) Uncertainty in your minds as to whether the fire was caused by reason of the engine being improperly made, or being in bad condition, or being badly handled in respect to the throwing of sparks, is no reason for failing to find a verdict for the plaintiffs; and it will be your duty to find your verdict for the plaintiffs if you believe from the evidence that the fire was caused by either one of those three causes. (3) I charge you that, if the plaintiffs have

reasonably satisfied you from the evidence that the fire was caused by defendant's locomotive, then the plaintiffs have nothing to do until the defendant has reasonably satisfied you of each and all of the three following things: (1) That so far as regards the throwing of sparks the engine was properly built; (2) that in that respect said engine was not in a bad or defective condition; (3) that the throwing of sparks is not caused by unskillful or careless management of the locomotives. And even should the defendant in its turn reasonably satisfy you of all the three things above named, yet the plaintiffs may by their evidence overcome the evidence of defendant, and show you that the fire was set out from the engine, either because it was badly built, or in bad condition, or badly handled; and if, from all the evidence in the case, you believe that the fire was caused by the negligence of the railway, your verdict must be for the plaintiffs."

The following charges were refused to defendant: (1) The affirmative charge. (2) Affirmative charge as to fourth count. (3) Affirmative charge as to third count. "(4) The evidence in this case would not authorize a recovery on account of any improper construction of the engine going east, which stopped at Hollywood on the night of the fire. (5) There is no evidence in this case that would authorize a verdict for the plaintiffs upon the ground that the engine going east, which stopped at Hollywood on the night of the fire, was not carefully handled or managed when it passed the gin. (6) The evidence in this case would not authorize a recovery on account of any defect in the spark arrester on engine No. 284."

There was a motion for a new trial, based upon the admission of testimony, the giving of the two above-quoted charges requested by plaintiff, and the refusal of the court to give the charges requested by defendant, which motion was overruled.

HUMES & SPEAKE, for appellant. The 4th and 5th pleas are not subject to demurrer.—*L. & N. R. R. Co. v. Sullivan Timber Co.,* 138 Ala. 379. This is not inconsistent with the principle asserted in *L. & N. R. R. Co. v. Marbury Lbr. Co.,* 125 Ala. 260. In this connection, we earnestly invite the careful reading of the case of *Lilley v. Fletcher,* 81 Ala. 237. The court erred in giving charge 2 requested by the defendant.—*L. & N. R. R. Co. v. Sullivan Timber Co., supra; L. & N. R. R. Co. v. Marbury Lbr. Co., supra; Tinney v. Railroad Co.* The same is true of charge 3.—11 Ency P. & P. 57. The court cannot judicially know that the throwing of sparks for any fixed distance would be negligence.—*A. G. S. R. R. Co. v. Taylor,* 129 Ala. 245, and authorities supra. On the authority of *L. & N. R. R. Co. v. Marbury Lbr. Co. supra,* the defendant was entitled to the affirmative charge.

BILBRO & MOODY, for appellee. The complaint is sufficient.—*A. G. S. R. R. Co. v. Clarke,* 136 Ala. 450; *A. G. S. v. Taylor,* 129 Ala. 238; *A. G. S. v. Johnson,* 128 Ala. 283; *A. G. S. v. Planters Warehouse Co.,* 45 South. 83; *Southern Ry. Co. v. Wilson,* 138 Ala. 510; *L. & N. v. Marbury Lbr. Co.,* 125 Ala. 237. The demurrers to the pleas were well taken.—*A. G. S. R. R. Co. v. Planters Warehouse Co., supra; L. & N. v. Marbury L. Co., supra.* The court did not err in giving the two charges requested by plaintiff.—*A. G. S. v. Clark, supra; A. G. S. v. Sanders,* 145 Ala. 145. On these authorities the defendant's affirmative charge is properly refused. It was competent to show that the engine was emitting large quantities of Sparks.—*A. G. S. v. Johnson, supra; A. G. S. v. Clark, supra; B. R. L. & P. Co. v. Hinton,* 141 Ala. 606.

ANDERSON, J.—"The preferable doctrine appears to be that the owner of premises near or contiguous to a railroad right of way is not bound to anticipate negligence on the part of the railroad, and, by way of prevention, to make provision against the communication of fire. Such proprietors in general owe no duty to railroad companies in this respect, and hence negligence, in its legal sense, can rarely be imputed to them. The rule in this connection, as most frequently expressed, is that the owner of property near or through which a railroad passes is entitled to use it in any natural and lawful manner, without incurring the imputation of contributory negligence in the occurrence of a fire; that he may use or permit his property to be used, or be and remain in the same manner or condition as if no railroad passed within the range of communication of fire. Such proprietors may cultivate their lands, or build upon them, or leave them in a state of nature, as they see proper, and take upon themselves thereby no other risks than such as are incident to the operation of the road with proper care by the company, and will, therefore, be entitled to damages for injuries by fires arising from the negligence of the company in the construction or management of its locomotives, or in the condition in which its track is suffered to remain. Considered in another aspect, the preferable doctrine simply means this: The owner of adjacent property assumes the risk of loss from all fires started or communicated without the negligence of the railroad. If he permits his premises to be or remain in a highly combustible state, or locates his buildings in an exposed portion with reference to flying sparks, his risk is thereby increased. It may be argued in opposition to this view that such conduct on the part of adjacent proprietors would impose on the part of the railroad company an

increased and onerous burden of care and prudence, since, as has been seen, what is due care on the part of the railroad is made to vary with the circumstances. But this is not so. In point of fact the most extreme degree of care to which railroad companies are ever held is fixed and reasonable. They are only required to employ machinery of approved construction, and to operate their engines with such precautions as are not inconsistent with the lawful, reasonable, and effective conduct of their business. Beyond this the abutting property owners take the risk." 13 Am. & Eng. Ency. Law (2d Ed.) pp. 482-484, and cases there cited; *L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 262, 28 South. 438, 50 L. R. A. 620; *L. & N. R. R. Co. v. Malone,* 116 Ala. 600, 22 South. 897.

"A person has the right to construct buildings on any part of his property, and to enjoy the same, without rendering himself liable to the negligence of a railroad company, whereby they are destroyed by fire. It has been held, therefore, that one is not guilty of contributory negligence in building a house near a railroad track, so as to prevent a recovery, if burned through the negligence of the company, though he knew the danger of fire was thereby increased." 13 Am. & Eng. Ency. Law (2d Ed.) 487. Nor does the law require a party to stand guard over his property, as was held in the case of *Tien v. Louisville, etc., Ry. Co.,* 15 Ind. App. 304, 44 N. E. 45, and *Jacksonville R. R. v. Peninsular Land Co.,* 27 Fla. 1, 157, 9 South. 661, 17 L. R. A. 33, 65, and which we approve. A person having property adjacent to a railroad is not bound to keep his property in such a condition as to guard against the negligence of the railroad company, but every person has the right to enjoy his property in an ordinary manner; and while one is charged with the duty of saving his property when he can do

so, he is under no obligation to stand guard over it, and continually watch it to protect it from the negligence of a railroad company. "A proprietor of contiguous property is not required to remove combustible matter from his own land in order to provide against the consequences of possible or even probable negligence on the part of a railroad company in communicating fire thereto." 13 Am. & Eng. Ency. Law (2d Ed.) 485, and cases cited in note 3. "On the other hand, it has been declared that the negligence of the plaintiff which precludes a recovery in an action for damages for destruction by fire is where, in the presence of a seen danger (as where the fire has been set), he omits to do what prudence requires to be done under the circumstances for the protection of his property, or does some act inconsistent with its preservation. Where the danger is not seen, but anticipated merely, or dependent on future events (such as the continuance of the defendant's negligence), the plaintiff is not bound to guard against it by refraining from his usual course, if otherwise consistent with the conduct of a prudent man in the management of his property and business." 13 Am. & Eng. Ency. Law (2d Ed.) 481. This last principle is the one realized and enunciated in the case of *L. & N. R. R. v. Sullivan,* 138 Ala. 379, 35 South. 327, the opinion in which proceeds upon the idea that the pleas set up negligence on the part of the plaintiff occurring subsequent to the negligence complained of on the part of the defendant, but does not hold that the condition of plaintiff's premises and his failure to guard same, prior and up to the negligent acts of the defendant, amount to contributory negligence. The special pleas in the case at bar do not set up subsequent contributory negligence, but attempt merely to charge the plaintiffs with contributory negligence growing out of the condition of their premises

and their failure to keep a watch over same prior and up to the negligence charged against the defendant, and the demurrers thereto were properly sustained.

It is true the special pleas in the case at bar bear a striking resemblance to pleas 2 and 3, which were held good in the case of *L. & N. R. R. Co. v. Sullivan, supra.* But a comparison of the pleas in said case with the only count they answer, the sixth, will show that they set up negligence on the part of the plaintiff subsequent to the negligence of the defendant, as set out in the said sixth count of the complaint, and not conditions existing prior to the negligence charged to the defendant. The negligence charged in the sixth count was placing by the defendant close to the plaintiff's property dry grass and weeds; and the negligence in the seventh count was placing cotton that had been saturated with oil near plaintiff's property. The pleas set up the negligence of plaintiff in not removing them, knowing of the danger, and which was an omission subsequent to the negligence charged to the defendant. An examination of the original brief of counsel for appellant in the *Sullivan case, supra,* shows a concession that a plaintiff could not be held guilty of contributory negligence for failing to anticipate and guard against the future negligence of the defendant; the contention being that the pleas set up "subsequent negligence in failing to protect themselves against the result of the prior negligence of the defendant known to the plaintiff, and where he had the means of protection himself from danger therefrom without unreasonable expense or trouble."

The trial court did not err in permitting the witness McCutchen to testify that he saw the train throwing "large volumes of sparks." The jury could well infer that it was the engine in question. It was seen at Scottsboro shortly before it reached Darwin's gin, and was

going in that direction; and the fact that it was throwing out large volumes of sparks tended to show that it did not have a good spark arrester or that it was out of repair.

The trial court did not commit reversible error in giving charges 2 and 3, requested by the plaintiffs. They are copies of charges given in the case of *A. G. S. R. R. v. Sanders,* 145 Ala. 449, 40 South. 402.

While the defendant proved that the engine was properly handled and had a modern and perfect spark arrester, there was contradictory evidence sufficient to justly contrary inferences by the jury. The jury examined the spark arrester and heard the testimony as to the size of sparks emitted from the engine, and which was sufficient to create an inference that it had no spark arrester, or, if it did, that it was out of repair, or else not properly adjusted. There was also evidence tending to contradict the engineer as to the handling of the engine. He testified that at the time he was opposite the gin it was a downgrade and the steam was shut off; while the plaintiff offered evidence that there was an upgrade at that point and the engine was puffing and emitting a large and unusual quantity of large sparks. The trial court did not err in refusing the requested charges of the defendant.—*Clark Case,* 136 Ala. 450, 34 South. 917; *Sanders Case, supra; L. & N. R. R. Co. v. Marbury Lumber Co., supra.*

The trial court did not err in overruling the motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and HARALSON, DOWDELL, SIMPSON, and DENSON, JJ., concur.

: McCLELLAN, J.—(dissenting.)  The court below had, in *A. G. S. R. R. v. Sanders,* 145 Ala. 449, 40 South. 402, the highest authority for the giving, at the instance of the plaintiff, of charge 2.  I am unable to agree that such charge is other than an incorrect statement of the law.  In my opinion the terms "improperly made," "bad condition," and "badly handled" alone render the charge erroneous.  It is rarely safe to adopt, either in pleading or special instructions, general expressions to be found in narration or argument in judicial opinions.  The frequency of such use in opinions affords no warrant for the assumption that by such use they have become, for purposes of pleading or jury instruction, the synonyms of accurate definitions sanctioned by law, and on the application of which to given facts and circumstances the rights of parties must be determined.—*McGee's Case,* 117 Ala. 229, 23 South. 797.  In judicial writings, we speak of self-defense as embracing legally recognized elements of this great doctrine; yet it has been settled by this court that the employment of such an expression in a special charge in improper, since it commits to the jury the function of determining what self-defense legally is, whereas it is the duty of the court to define it.  The quoted terms do not appear to me to be the equivalent of negligence.

With respect to the ignition of property by fire from locomotives averred to be defectively constructed or equipped, aside from the burden of proof and its discharge in such cases, negligence cannot be declared if the locomotive is constructed and equipped with approved appliances as are like agencies in use by other well-regulated railroads, and which experience has proven to be adapted to the purpose.  The test of negligence vel non in this regard is evident; and, being so, it is obvious that the term "improper" suggests no such

C 21

standard.    Indeed, an engine may be "improperly" made, as measured by a juror's ideas and there is no other criterion furnished by the charge, yet that engine may be constructed and equipped in perfect accord with the best appliances and construction known to the railroad world.    In other words, the charge imports no legal standard for a failure to attain which in the construction or equipment of an engine for the prevention of the ignition of property by fire therefrom negligence is imputable; but, on the contrary, it instructs the jury that an "improper" construction, regardless of the law-made criterion, will warrant the imputation of negligence.    If the terms quoted were employed in a complaint, is there any doubt but that it would be ruled to state no cause of action.    When defining duty as a predicate for a pronouncement of negligence in an instruction, ought any less accuracy be sanctioned?  Surely no charge can be said to be merely misleading when it incorrectly announces the duty for the breach of which liability is claimed.

The foregoing considerations are alike applicable to the term "bad condition,"    What was a condition of perfection in construction or equipment, meeting the legal duty in such cases, is wholly misstated, and the ascertainment of it is left, by the very language of the charge, to be determined by the jury, whereas the court should have defined it.

The expression "badly handled," in respect to the throwing of sparks, is perhaps more indefensible than any other element of the charge.    This court has held it to be within common knowledge that a locomotive cannot be successfully operated without emitting fire. Yet it is announced in this charge, and approved, that mere bad handling in the respect of throwing sparks is the equivalent of negligent operation with that re-

sult. What is a proper handling or operation of an engine, in this respect, is not stated; but the jury are told that, notwithstanding all operated engines will emit fire, they may impute negligence if the handling was bad in that regard. It does not seem to me that property rights should be affected or damages imposed upon invitation of such instructions.

For substantially similar reasons, charge 3 should have been refused.

The judgment below should, in my opinion, be reversed.