287 So.2d 240

**Robert McKANNEY**

v.

**STATE.**

**6 Div. 351.**

Court of Criminal Appeals of Alabama.

Dec. 4, 1973.

**530**

Perry Hubbard, Tuscaloosa, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Dan W. McCoy, Sp. Asst. Atty. Gen., Huntsville, for the State.

SIMMONS, Supernumerary Circuit Judge.

Appellant was indicted for murder in the first degree. He was charged with killing Jimmie Nell McKanney (his wife) by striking her with an automobile. The jury convicted the appellant of manslaughter in the second degree and fixed his punishment at hard labor for Tuscaloosa County for one year and a fine of $500.00. No sentence was imposed for failure of the defendant to pay the fine and costs. The defendant appeals from the judgment entered pursuant to the verdict.

No special venire was ordered in the light of Act No. 130, Acts of Alabama 1971, p. 212. Section 1 of the Act reads:

> "Section 1. No special venire shall be ordered or drawn for the trial or trials of a defendant or defendants in capital felonies in the Sixth Judicial Circuit of Alabama, but a defendant or defendants in capital felony cases shall be entitled to strike from a list of not less than forty competent jurors obtained from the regular jurors serving in the Court. Not less than one hundred jurors shall be summoned for service during any week in which a capital case is set for trial."

### I.

Appellant contends that the Act, supra, is local in character and is unconstitutional for that it was not advertised as mandated by § 106, Constitution of 1901.

We pretermit considering appellant's contention, supra. The defendant was lawfully acquitted of all offenses embraced in the indictment except manslaughter in the second degree. Roberson v. State, 183 Ala. 43, 62 So. 837(1).

This court in Carr v. State, 23 Ala.App. 584, 129 So. 484, observed as follows:

> "Appellant was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of twenty years.

The appeal is on the record proper, without bill of exceptions.

Appellant complains that, the indictment under which he was tried charging murder in the first degree, and the record disclosing that no special venire was drawn for the trial of his case as provided by Code 1923, § 8644, the judgment of conviction should be reversed as for a failure of the record to disclose a waiver by him of the special venire in the manner and form prescribed by Code 1923, § 8651.

Whatever might be the merits of this insistence if appellant had been convicted by the jury of the offense of murder in the first degree, it cannot avail him here, for the reason that his conviction of murder in the second degree operated to acquit him of the higher offense, and any error, if there was error, having regard solely to the charge of murder in the first degree, is harmless. Supreme Court Rule 45; Brewington v. State, 19 Ala.App. 409, 97 So. 763; Blair v. State, 22 Ala.App. 24, 113 So. 414.

We find no prejudicial error in the record, and the judgment of conviction is affirmed.

Affirmed."

We are unwilling to charge the trial court with error in failing to provide the defendant with a special venire for trial of the highest offense embraced in the indictment.

As in Carr v. State, supra, he was not adversely affected for that he was acquitted of the capital charge, for which he was entitled to a special venire absent the constitutional validity of Act No. 130, supra.

### II.

The number of qualified jurors present and available for striking greatly exceeded the number required for the trial of misdemeanors or non-capital felonies. A number of jurors were excused by the court in the exercise of its discretionary duty. Title 30, § 5, Recompiled Code 1958. There is nothing in the record which indicates that the trial court abused its discretion in excusing jurors without the defendant's consent. Mullins v. State, 24 Ala. App. 78, 130 So. 527(9).

We also pretermit discussing the validity vel non of Act No. 129, General Acts of 1971, p. 211, or its import in the light of Act No. 130, supra. Both of these acts deal with capital cases and have application, if valid, to capital cases wherein the capital conviction results. Suffice it to say, the record indicates that the jury list from which the parties struck a jury listed the names of a sufficient number of qualified jurors mandated by law in non-capital cases.

### III.

Appellant complains that the trial court erred in admitting photographs of the motor vehicle involved in the homicide. Appellant did not state any grounds to support his objection. In the absence of specific grounds, the objection is not reviewable. Alabama Great Southern Rail Co. v. Sanders, 145 Ala. 449, 40 So. 402; Burnett and Bean v. Miller, 205 Ala. 606, 88 So. 871; Woodward Iron Co. v. Dabney, 205 Ala. 615, 88 So. 873; Alabama Digest, Vol. 2, Appeal and Error, ☞231(3).

### IV.

Appellant asserts that the trial court erred "by allowing an eye-witness to testify about speed of appellant's car without requiring the witness to be one qualified to testify about such matters." Appellant did not specify any grounds to support the objection. The ruling of the trial court, there being absent any grounds to support the objection, was free of error and is not reviewable here. Alabama Digest, supra.

Appellant does not point out any ruling of the trial court that was prejudicial to him. The record, according to our review, is free of error. It is ordered that the judgment be and the same is hereby affirmed.

The foregoing opinion was prepared by the Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.