# 122

298 So.2d 52

**Lorenza DUNCAN**

v.

**STATE.**

**5 Div. 195.**

Court of Criminal Appeals of Alabama.

July 16, 1974.

Gray, Seay & Langford, Montgomery, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Jonathan Prince Gardberg, Sp. Asst. Atty. Gen., Mobile, for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was indicted for robbery, convicted therefor and sentenced to the penitentiary for ten years. The victim was A. T. Bingham. This is an indigent appeal with appointed counsel.

It appears from the evidence of the state that the victim, with the help of his wife who was a partner, operated a small business in or near a rural community of Elmore County. According to the state's evidence, the defendant entered the store during the early evening hours of Friday, December 15, 1972, having in his possession a single-barrel shotgun, with which he threatened his victim and thereby obtained some money that was in the cash register. The defendant inter alia denied the robbery and contended that he was not the guilty person. Defendant here asserts that the trial court committed reversible error in admitting the defendant's confession, which was adduced in the Sheriff's testimony.

The Sheriff's investigation pointed to the defendant as the guilty party. The defendant was arrested and placed in jail. The Sheriff testified that, while the defendant was in jail, he interviewed the defendant in the fingerprint room on the Sunday following the alleged robbery. No one was present except the Sheriff and the defendant at that time. The defendant on the occasion, so the Sheriff testified, confessed the robbery. The defendant denied making the confession or any inculpatory statements relative to the robbery. The testimony of the Sheriff and the defendant was in sharp conflict.

The trial court, after voir dire at the request of the defendant's counsel, ruled that the testimony of the Sheriff was admissible. The jury had before it for considera-tion the testimony of the Sheriff and that of the victim who made an in-court identification of the defendant as the guilty party. Likewise, the jury heard the denial of the defendant.

The affirmance or reversal of the judgment that fixed the guilt of appellant-defendant depends upon the admissibility vel non of the Sheriff's evidence relating to the alleged confession. Defendant's counsel asserts error in such admission and does not assert any other error.

It appears from the Sheriff's evidence that when the defendant orally confessed to him that he committed the robbery, the Sheriff nor anyone in his presence offered him a reward or held out any inducement or made any threats in order to get him to make the statement. It appears that on Saturday night of the previous day, the Sheriff talked with the defendant about the offense and advised him of his legal rights. The Sheriff and the defendant were alone as was the case of the Sunday interview. It is to be noted that the Sheriff testified that he interviewed the defendant on Saturday night and also on Sunday following the alleged robbery. The Sheriff testified that on Saturday he advised the defendant of his legal rights, which he read from the card in his possession. The witness read the card to the jury. We quote:

"A. You have a right to remain silent. Anything that you say can and will be used against you in a court of law. If you have the right—You have the right to talk to a lawyer and have him present while you are being questioned. If you cannot afford to hire a lawyer, one will be appointed to represent you before questioning. If you cannont (sic) decide—If you decide at any time that you want to quit asking questions—answering questions, you may do so."

On the Saturday night interview, the defendant denied knowing anything about the robbery.

It appears that on the Sunday interview in the fingerprint room of the county jail, the questioning was resumed and the Sheriff again testified that on said occasion he nor anyone in his presence offered the defendant any reward or held out any inducement or made any threats in order to get him to make the statement.

It further appears in the evidence that the Sheriff testified in response to the state's questions:

"Q. Did you advise him again of his rights?

"A. I advised him—started advising him of his rights and I informed him that he knew his rights. If he didn't, I would read them to him again. He said that he did.

"Q. All right. Now, let's stop right there. My next question is going to be, what did he tell you?

"MR. GLEN CURLEE: Is that when you want to object?

"MR. SOLOMON SEAY: Yes, sir.

"THE COURT: All right, Do you object?

"MR. SOLOMON SEAY: Yes, sir, and I would like to have him on voir dire, your Honor, outside the presence of the jury."

All of this occurred in the presence of the jury.

The jury was excluded from the courtroom. Thereupon the defendant's counsel questioned the Sheriff with respect to the defendant's rights. We quote:

"Q. What else did you say to him with regards to his rights?

"A. To the exact words, I couldn't tell you about the things. He said that he knew his rights, and he knew that he didn't have to tell me about it.

"Q. He said that he knew his rights?

"A. That's right.

"Q. And, he knew that he didn't have to tell you anything about—

"A. That is exactly what he told me.

"Q. Did you ask him to sign a rights waiver?

"A. No, sir.

"Q. You did not ask him to sign a rights waiver?

"A. I never ask anybody to sign one."

The defendant on voir dire, supra, took the stand and denied that he saw the Sheriff on Sunday night. He also testified that after his arrest, the first time he saw the Sheriff was on Sunday morning; that he was in the jail at the time. The defendant denied that the Sheriff read any statement to him about his rights or that he told him anything with respect thereto. The defendant further testified that prior to Wednesday, the Sheriff did not tell him anything about his rights.

At the conclusion of the voir dire, the defendant's counsel renewed his objection to any evidence relating to the alleged statement made by the defendant.

"THE COURT: Well, according—of course, I know that we have evidence that is contradictory. That is the reason that we have jury trials because the people can't agree on what the facts are.

"Mr. SOLOMON SEAY: Yes, sir, but I think initially the question of the admissibility of the statement is one of law and not one of facts.

"THE COURT: I know it is and I have ruled that it is admissible. I am going to let the Sheriff testify —"

The jury was recalled and trial again resumed on the merits before the jury.

The Sheriff was recalled before the jury and, over the objection of the defendant, testified about the defendant's confessory

and inculpatory statement on Sunday relative to the commission of the alleged robbery.

It is to be here noted that the Sheriff had already testified before the jury about the voluntary character of the alleged confession, and also as to the Miranda warnings on Saturday, preceding the Sunday when the alleged statement was made.

We think the evidence of the state shows that the defendant voluntarily confessed the crime after the warnings as mandated by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The question as to the voluntary character of the confession is one of law to be decided by the court and not one of fact for decision of the jury. When such testimony is offered preliminary proof should first be made showing the circumstances under which the alleged confession was made. The court should hear the testimony offered on each side. Harris v. State, 280 Ala. 468, 195 So.2d 521.

When the trial court has determined the voluntariness of the alleged confession, such holding is entitled to great weight and will not be disturbed unless it appears to be contrary to the great weight of the evidence and manifestly wrong. Harris v. State, supra.

We here note that the defendant objected to the admission in evidence of his statement, which the Sheriff testified the defendant gave to him. However, he specified no grounds for such objection. When the first objection to the Sheriff's answer was made, the trial court asked the defendant's counsel for the grounds of his objection. Counsel replied that he would like to have him on voir dire outside the presence of the jury. The court granted this request. On voir dire the defendant's counsel asked the Sheriff what the statement was. The Sheriff answered. After voir dire and before the jury, the state asked the Sheriff what the statement was.

Counsel for the defendant said, "If your Honor, pleases, I think the record will reflect that we have an objection to this question."

In the absence of specific grounds therefor, an objection is not reviewable. McKanney v. State, 51 Ala.App. 529, 287 So. 2d 240(3); Alabama Great Southern Rail Co. v. Sanders, 145 Ala. 449, 40 So. 402; Burnett and Bean v. Miller, 205 Ala. 606, 88 So. 871; Woodward Iron Co. v. Dabney, 205 Ala. 615, 88 So. 873; Alabama Digest, Vol. 2, Appeal and Error, ⟨key⟩231(3).

Under the state of the record before us, we are unwilling to place the court in error for admitting the evidence of the Sheriff with respect to defendant's alleged confession. We find no reviewable ruling. We affirm the judgment.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

ALMON, TYSON, and HARRIS, JJ., concur.