(90 South. 37)

### REED v. STATE. (8 Div. 820.)

(Court of Appeals of Alabama. June 7, 1921.)

**1. Intoxicating liquors ⬥233(1)—Evidence of tracks from accused's house, not shown to have been made by accused, inadmissible.**

In prosecution for violating the prohibition law, evidence that there were fresh tracks leading from accused's house when the officers went there to search was immaterial, in the absence of showing that the tracks were made by accused, or that he was connected with them in some way other than that they led from his home.

**2. Witnesses ⬥237(1) — Question assuming disputed fact held objectionable.**

In prosecution for violating the prohibition law, where the question whether fresh tracks leading from the accused's house when the officers went there to search were made by accused was a disputed fact, a question of the solicitor to a state's witness, "Now, in answer to a question Mr. W. asked you, if you saw [accused] leave the house or whether Mr. T. could have seen him leave, how did the tracks indicate that he left?" was objectionable, as assuming as a fact that the tracks were those of accused.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Tom Reed was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Travis Williams, of Russellville, for appellant.

Counsel discuss the errors assigned, but without citation of authority.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. We have carefully read the evidence in this case, and, while there is no direct evidence of the corpus delicti, there are circumstances in evidence from which the jury might draw a conclusion of guilt. And, in view of the decisions of this court and of the Supreme Court on this question, we must hold that the refusal of the general affirmative charge as requested by the defendant was not error. However, in view of the method used by the officers in obtaining the evidence, we are led to say that on the trial the court did not have the benefit of the recent decisions of the Supreme Court of the United States in Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654.

[1, 2] The court, over the objection of the defendant, permitted the state to prove that there were fresh tracks leading from defendant's house when the officers went there to search. These tracks were not shown by any sort of testimony to have been made by defendant, nor was he connected with them in any way, except that they led from his home. This testimony was immaterial, and should have been excluded on defendant's motion. After this testimony had been admitted, the solicitor, over the timely objection and exception of defendant, was permitted to ask a state's witness this question:

"Now in answer to a question Mr. Williams asked you, if you saw Tom leave the house or whether Mr. Todd could have seen him leave, how did the tracks indicate that he left?"

This question assumed as a fact that the tracks testified to were those of the defendant. This was a disputed fact, and the overruling of the defendant's objection and motion to exclude was reversible error.

The judgment is reversed and the cause is remanded.

Reversed and remanded.