(115 So. 66)

## DOODY v. STATE. (1 Div. 742.)

Court of Appeals of Alabama. Jan. 10, 1928.

C. W. Tompkins, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J. The points of decision involved upon this appeal are based solely upon several rulings of the court upon the

admission of evidence. No special charges were requested, so far as the record shows, nor was there a motion for a new trial.

■ Appellant was indicted by the grand jury at the January, 1927, term of the Mobile circuit court, for the offense of assault and battery upon one Ottrey Huggins. The evidence of the state tended to show that the assault and battery complained of was committed by this appellant. The evidence of the defendant and her witnesses tended to show the contrary. This conflict in the evidence made a question for the jury, and there was evidence to sustain the verdict of the jury and support the judgment of conviction.

■ The first exception noted in the record relates to a ruling of the court in sustaining the state's objection to questions propounded by defendant to the alleged injured party, Ottrey Huggins, on cross-examination. Defendant asked witness if her father was there drinking. It was made known to the court that this question related to an alleged occurrence at 1 o'clock that day. The undisputed evidence tended to show that the offense complained of happened at 11 o'clock. All the witnesses, both for the state and defendant, testified that at the time of the alleged difficulty the father of the injured party was not present. It clearly appears therefore that the matter inquired about was irrelevant and not of the res gestæ, and the court properly so held.

■ The court properly sustained the state's objection to the question to this witness, "Who put you up to swearing this warrant out for her?" The trial, as stated, was by indictment, and the evidence shows affirmatively that this witness did not swear out a warrant for defendant. The question was improper in assuming that she had done so.

■■ Whether or not state witness Minnie Huggins had moved anything out of the house, or that defendant had instituted proceedings in the circuit court against witness and her husband to keep them from moving property from the house, on which there was a lien, was wholly irrelevant and incompetent upon the trial of this case and was foreign to any issue involved. The court properly so held. It was likewise immaterial as to whether "the piano in question belonged to the Loper-Gressett Music Company, and had been sold to the injured party's father a long time ago on the installment plan, and had never been paid for, and he had moved it two or three times and was secreting it." All this would not justify the alleged attack upon Ottrey Huggins by defendant complained of in the indictment, which was the issue involved upon this trial. There is no merit in the exception here reserved.

■ The remaining two exceptions are equally without merit. The court was within its province in not allowing the defendant to repeat matters already in evidence. The orderly conduct of examining witnesses should be observed, and the manner of so doing rests within the discretion of the court.

No other questions are presented. The court's rulings complained of by exceptions hereinabove referred to are each without prejudicial error. We find the record regular in all things. The judgment of conviction, from which this appeal was taken, is affirmed.

Affirmed.