27 So.2d 220

**CAMPBELL v. STATE.**

8 Div. 424.

Court of Appeals of Alabama.
June 18, 1946.

Rehearing Denied Aug. 1, 1946.

Carmichael & Carmichael, of Tuscumbia, and Beddow & Jones and G. Ernest Jones, Jr., all of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged this appellant, defendant below, with the offense of murder in the second degree, in that, "she unlawfully and with malice aforethought killed John Campbell by shooting him with

a shotgun, but without premeditation or deliberation," etc. The trial below resulted in the conviction of the defendant for the offense of manslaughter in the first degree, and her punishment was fixed at imprisonment in the penitentiary for a period of five years.

The evidence discloses that the deceased named in the indictment was the husband of the defendant. That they had lived together for a long number of years and had sixteen children. Fifteen of the children were living at the time their mother shot and killed their father.

The record discloses there were no eye-witnesses to the killing and that the two principals were alone in their own home at the time of the homicide.

In order to offer proof in support of the material averment in the indictment that the defendant fired the shot that caused the death of the deceased, the State introduced as its witness, Mr. McRight, the Sheriff of the county, and he testified that some hours after the killing, he arrested the defendant, who at the time was at her father's home, several miles from where the killing occurred, and that she voluntarily told him (after proper predicate) that she and her husband had been having trouble all day, and that the shooting happened about 2:30 or 3 o'clock. "She said she shot to scare him, that she didn't really mean to kill him." "She also said he was after her with a knife." On direct examination of Sheriff McRight by the State, he testified to other matters which occurred during his conversation with the defendant.

The first proposition insisted upon by appellant to show error is that the trial court unduly abridged the right of the defendant by not allowing her to inquire into and bring out the entire conversation had between this witness, McRight, and the defendant. In this connection the appellant insists in briefs as follows:

"The trial court erred in refusing to allow the defendant to introduce into evidence the whole of a conversation containing inculpatory admissions between the defendant and witness, a part of which having been testified to on direct examination of witness by the prosecution.

"On examination of the Sheriff of Colbert County, O. H. McRight, the prosecution questioned witness with reference to a statement made by the defendant immediately after her apprehension. This statement contained admissions greatly prejudicial to the defendant, but also contained parts which would have, if allowed to have been introduced in evidence, tended to support the defendant's theory of self-defense.

"The witness, O. H. McRight, testified to a part of his conversation with the defendant following her arrest, containing admissions seriously damaging to the defendant's defense. But the court refused defendant's attorney on cross examination the right to bring out the whole of the conversation between defendant and the witness at that time.

"On cross examination of the witness the defendant's attorney propounded the following question which was objected to by the prosecution, and to which ruling of the court sustaining said objection, the defendant duly reserved an exception:

"Q. Did she tell you at the time that he had cut her before that and cut her across the hip?

"The defendant's attorney then stated to the court that the defense offered to show that the defendant had stated to the witness at the same time she had made the statement that he testified to on direct examination that the deceased had cut a gash eleven inches long across her hip with a knife. The prosecution objected to this statement and the court sustained the objection. The defendant thereupon duly excepted."

■■ It is an elementary rule of evidence, where part of a conversation is proved by one party, the other party may give his version thereof, and may also prove the whole of such conversation. The court committed reversible error in the above-stated ruling and the exception, duly reserved, was well taken. For superabundance of authorities see 6 Alabama Digest, Criminal Law, ⊗396(2).

■ The next ruling of the court complained of by appellant, to which exception was reserved, is also error, in that, the trial court allowed the State to offer evi-

dence of a former difficulty between the defendant and deceased several hours prior to the time of the fatal shooting and over repeated objections by defendant, allowed the State to offer testimony as to the full details of the former difficulty. As illustrative of this insistence we quote the following:

"During the course of the examination in chief of the State's witness, Howard Campbell, the witness testified that he had first visited the scene of the homicide with Noel Lee Campbell around nine o'clock in the morning of the day of the homicide; that there was at the time a difficulty existing between Appellant and deceased.

"During the direct examination of the witness the State, without any attempt to connect or show a continuation of the difficulty which took place between the defendant and the deceased at nine o'clock, A.M., on the morning of the homicide with the difficulty in which the deceased was killed, was permitted to propound numerous questions relating to the prior difficulty between the defendant and the deceased, to which questions the defendant interposed timely objections.

"Q. While you were there did you see any difficulty take place between Mrs. Campbell and John Campbell, the deceased?

"The defendant objects on the ground it is not a part of the res gestae.

"Objection overruled, the defendant excepts.

"Q. Just answer the question Howard. If you saw any difficulty take place between Mrs. Campbell and Mr. Campbell while you were there? A. Yes sir.

"Q. I will ask you whether or not while you were there, you saw Mrs. Campbell strike John Campbell, the deceased, with a scantling? A. Yes sir.

"The defendant objects to the particulars of another difficulty, it is not a part of the res gestae and is illegal, irrelevant and immaterial.

"Objection overruled. The defendant excepts.

"By the Court: What was it she struck him with? A. A scantling they call it. A pole.

"Q. Direct examination continued: Now I will ask you whether or not, Mr. Campbell, at that time and on that occasion you saw Mrs. Campbell strike John Campbell with anything else besides a scantling? A. Yes sir.

"The defendant objects on the same grounds. That it is no part of the res gestae, it is the particulars of another difficulty, and is illegal, irrelevant and immaterial. Objection overruled. The defendant excepts.

"A. Yes sir.

"Q. I will ask you Mr. Campbell, whether or not at that time, on that occasion, you saw Mrs. Campbell, the defendant, strike John Campbell with a horse collar? A. Yes sir.

"The defendant objects on the same grounds. It is no part of the res gestae, it is the particulars of another difficulty, and is illegal, irrelevant and immaterial. Objection overruled. The defendant excepts.

"Q. Did you answer that? A. Yes.

"Q. What did she strike him with? A. She struck him with a horse collar after she hit him with the scantling."

■ The third insistence of error is to the effect that the trial court erred to a reversal in allowing the State, over the timely objection of the defendant, to propound the following questions to the witness Tom Stanford, which questions assumed the existence of facts not in evidence highly prejudicial to the right of the defendant:

"Q. Have you heard that she ever shot anybody other than her son?

"Q. I ask you if you had ever heard of her shooting anybody else?"

The witness Tom Stanford having been called as a character witness for the defendant, testified that defendant's character was good, and on cross-examination was propounded the above state's questions by the prosecution. The defendant interposed proper and timely objection, to which ruling of the trial court overruling said objection, defendant reserved an exception.

The exceptions reserved to the court's rulings in this connection were well taken. Said rulings were in direct conflict with in-

numerable decisions of the appellate courts of the State.

In the case of Cox v. State, 25 Ala. App. 38, 140 So. 617, 619, the Court of Appeals, speaking through Judge Samford, among other things, said as follows: "The practice of assuming in questions facts not proven is, not only improper and unfair, but, when the assumption of such facts is derogatory to the witness or to the defendant, they must result in a reversal of the case. McGehee v. State, 171 Ala. 19, 55 So. 159; Reed v. State, 18 Ala.App. 181, 90 So. 37; Montgomery v. State, 18 Ala.App. 213, 91 So. 630; Id., 207 Ala. 713, 91 So. 923; Doody v. State, 22 Ala.App. 289, 115 So. 66."

If the purpose of such examination was to test the estimate as to good character entertained by the witness, it should have been conducted in a different manner; the rule applicable thereto being plain and simple. Here the manner of cross-examination was highly prejudicial, and was calculated to seriously, erroneously and injuriously affect the substantial rights of the defendant. Its tendency was to defeat the fair and impartial trial, free from prejudice accorded to defendant under the Constitution and law of this state.

Appellant in this case has assigned errors. This is permissible but not essential. Said assignments of errors is based upon about fifty grounds, many of which relate to rulings of the court upon the admission of testimony. We see no necessity of discussing each of the assignments of error as in all probability these questions may not arise again upon another trial of this case. However, we are of the opinion that defendant's strenuous insistences on the question of highly improper argument of the Solicitor should be adverted to, for in our opinion the objections to several statements of the counsel for the State in argument to the jury were properly made and exceptions to adverse rulings of the court were well taken.

For the numerous errors indicated, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.