Commonwealth *v.* Capozoli et al., Appellants.

Argued April 21, 1958. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Maurice H. Goldstein,* with him *George J. Schafer,* for appellants.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY ERVIN, J., June 11, 1958:

The appellants, Anthony Capozoli, August Puglin and John Ward, were indicted and tried jointly on charges of burglary, larceny and receiving stolen goods. Demurrers were sustained as to the count charging receiving stolen goods. The jury found all three guilty on the first and second counts of burglary and larceny. After refusal of motions in arrest of judgment and for a new trial, the defendants were sentenced. The present appeals were then taken. The factual situation and the principles of law are substantially the same in all three cases and will be dealt with in one opinion.

The facts are substantially as follows: two police officers testified that they observed two of the defendants, Capozoli and Puglin, leaving a rooming house operated by one Matt Drozich, the victim of the burglary; that one of the officers called to Capozoli and Puglin to stop, although at the time he had no knowledge of the occurrence of a burglary; that thereafter the two defendants started to run, Capozoli carrying a little black package in his hand and Puglin carrying a

paper bag. The rooming house was a three-story building occupied by many tenants. Capozoli entered a 1948 Plymouth sedan, which was occupied and driven by the other defendant, Ward, and the car disappeared in a westerly direction. All three men got away without being apprehended at that time. In a matter of seconds from the time the two men emerged from the rooming house, Matt Drozich emerged from the building and shouted that the two men who were running away had robbed him. Drozich, the victim, testified as a Commonwealth witness that he was on the third floor of the building which he operated as a rooming house; that this building had 20 rooms and that he rented rooms to others; that he surprised two men in his room and that these two men took $350.00 from his pants and four rings from a table; they shoved him aside and ran out and he followed them down to the sidewalk. Drozich further testified without qualification that none of the defendants had burglarized his room and that he was familiar with and knew the real burglars because he had seen them a half dozen times before in a restaurant. He further stated that he had seen one of the intruders in the restaurant only the night before the burglary. He also stated that he had no reason to be afraid to identify anybody. Upon being interrogated by the police immediately after the burglary, Drozich described the burglars as being six feet tall, whereas two of the defendants, Capozoli and Puglin, were at least four inches shorter. The description which Drozich gave of the two burglars coincided with the physical description of the two police officers, who were in plain clothes and who were chasing the two men who emerged from the rooming house.

The only eye witness of the crime presented by the Commonwealth was the victim, Drozich. His testimony completely exonerated the defendants. The Common-

wealth was then obliged to rely upon the circumstantial evidence as above related. It is our opinion that the circumstantial evidence could not overcome the direct evidence on the question of identification. It would be too dangerous to permit these convictions to stand when the victim says: "These are not the men who robbed me."

Judgments of sentence reversed and it is directed that the defendants be discharged.