Opinion by
Spaulding, J.,
The defendant, appellant in this case, was adjudged guilty of aggravated robbery by the court sitting without a jury in the Court of Quarter Sessions of Philadelphia County. After adjudication the appellant moved for a directed verdict which was refused by the Court. This appeal followed.
The Commonwealth’s evidence consisted primarily of the testimony of the complaining witness, Wesley Geddie, and Officer William Ledward of the Philadelphia Police Department.
Geddie testified that in August, 1966 he was accosted by two Negro males who, after beating him, took a fifty dollar bill and a ten dollar bill from his person. One of the men was described as being on crutches and wearing a red shirt.
Officer Ledward testified that shortly after receiving the above identification information he saw appellant walking approximately eight and one-half blocks from the alleged robbery. He was on crutches and wearing a red shirt. When he was approached by Officer Ledward, appellant stated, “I didn’t rob that man. He owed me the money.” Appellant was then arrested. In his hand were two ten dollar bills, three fives and four ones. Ten minutes after the arrest appellant was brought before Geddie, temporarily hospitalized, who, with the words “That’s the man,” identified appellant as the one responsible for the crime. Geddie, however, did not identify appellant at the subsequent preliminary hearing and trial, both times positively stating that appellant was not one of the men who accosted him. In addition Geddie testified at trial that he had known appellant for several years prior.
*82 The Commonwealth contends that circumstantial evidence may, in some instances, be sufficient to support a conviction even when contradicted by direct proof, citing Commonwealth v. Capozoli, 186 Pa. Superior Ct. 282, 142 A. 2d 465 (1958). There the prosecuting witness entered his room while two men were in the act of burglarizing it. The men then fled. A police officer, who at that time had no knowledge of the burglary, pursued and later arrested them. At the trial the victim testified that Capozoli, one of the men arrested, was not one of the men he had seen in his room.
It is to be noted that Judge Ervin of this court stated “the circumstantial evidence could not overcome the direct evidence on the question of identification. It would be too dangerous to permit these convictions to stand when the victim says ‘these are not the men who robbed me.’ ”
As in Capozoli, we are reluctant to affirm a conviction based on circumstantial evidence contravening strong direct evidence, particularly in the absence of any reference to intimidation or other reasons which might have had an effect, but we do recognize in comparing the evidence in Capozoli with that in the instant case, a difference, and therefore refrain from an absolute discharge of appellant.*
Remanded for a new trial.

 Appellant has also argued (1) that his statement to the officer was inadmissible as a tacit admission and (2) that the evidence pertaining to the identification by Geddie at the hospital was inadmissible by virtue of U.S. v. Wade, 388 U.S. 218 (1967). We believe both allegations are unfounded, the first on the basis of Commonwealth v. Eperjesi, 423 Pa. 455, 224 A. 2d 216 (1966), which holds volunteered statements of any kind unaffected by the doctrine of Miranda v. Arizona, 384 U.S. 436 (1966), and the second by virtue of Stovall v. Denno, 388 U.S. 293 (1967), holding Wade not retroactive.