294 So.2d 774

**Gene Lawrence MILLER**

v.

**STATE.**

**5 Div. 162.**

Court of Criminal Appeals of Alabama.

May 21, 1974.

**526**

Benjamin E. Pool, Montgomery, for appellant.

William J. Baxley, Atty. Gen. and David W. Clark, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent, was indicted and charged with selling lysergic acid diethylamide (LSD), a prohibited drug, pursuant to Act 1407, Volume III, General Acts 1971, approved September 16, 1971, and appearing in Appendix, Volume 6, Title 22, § 258(29)(d); penalty therefor § 258(47), Recompiled Code 1958. The jury convicted the defendant but declined to assess a fine. The court sentenced the defendant to fifteen years imprisonment in the penitentiary. Judgment was duly entered, and this appeal follows.

Without detailing the evidence, it appears that the state's witness, Alex C. Smith, was a Deputy Sheriff assigned to narcotics enforcement. The alleged sale was made to him. The defendant denied the sale. The jury resolved the conflict of evidence in favor of the state by finding the defendant guilty.

We advert to the several contentions of error that the defendant asserts in his brief, which was prepared and filed by his appointed counsel.

I.

On re-direct examination, the District Attorney was allowed to ask Deputy Sheriff Watkins, a witness for the state, whether or not, prior to the hiring of Narcotics Officer Smith, a background investigation was run on Smith. The defendant objected without specifying any grounds therefor. The ruling of the trial court, in the absence of grounds supporting the objection, is not reviewable. McKanney v. State, 51 Ala.App. 529, 287 So.2d 240(3); Alabama Great Southern Rail Co. v. Sanders, 145 Ala. 449, 40 So. 402; Burnett & Bean v. Miller, 205 Ala. 606, 88 So. 871; Woodward Iron Co. v. Dabney, 205 Ala. 615, 88 So. 873; Alabama Digest, Volume 2, Appeal and Error, Key Note No. 231(3).

The District Attorney next asked the witness:

"Q. All right. Did you find that he had ever been arrested?"

Objection thereto was sustained.

Then followed the question:

"Q. Is it the policy and usual practice in your department to ascertain if anybody has ever been convicted of —"

The defendant thereupon objected and asked that line of questioning be stopped.

Defendant's counsel observed:

" * * * The District Attorney well knows the Court has already sustained a very similar question.

"THE COURT: I don't think the Sheriff's Office would hire anybody without an investigation."

We note the defendant's contention in his brief that the aforequoted remarks amounted to a comment on the credibility of the witness.

■ We think the comment of the court was inept, unnecessary and created a background for argument that the court departed from judicial neutrality.

It appears that after a colloquy between the court and counsel for both sides, the court sustained the defendant's objection to the question. This ruling was calculated to ameliorate and soften the impact of the court's comment. It removed the matter for consideration of the jury. Under the circumstances, we are unwilling to hold that the inept comment is ground for reversal.

II.

■ The District Attorney asked the alleged vendee of the drugs, Alex Smith:

"Q. And prior to him coming to your house that night, state whether or not previous to that time, he had offered to sell you some drugs?

"A. Yes, sir, he had."

Then followed the defendant's objection as follows:

"MR. HORSLEY: —we object—excuse me, but we object to leading; we also object to the form of the question. He hasn't identified where this alleged conversation took place, who was there, or any of the circumstances surrounding it."

The court overruled the objection, which came after the witness' answer and was too late. Hollis v. State, 37 Ala.App. 453, 70 So.2d 279(5); Chambers v. State, 31 Ala.App. 269, 15 So.2d 742.

■ After argument before the court, the District Attorney asked the witness:

"Q. Now, where were you and Gene Lawrence Miller at the time he made the offer to you?"

The defendant objected to describing it as an "offer." "That is a conclusion that the witness is reaching. I think he can tell what was said by the various parties and let the jury decide whether or not it was an offer."

"THE COURT: Well, I think that is correct.

"Q. Well where were you and Gene Lawrence Miller at the time you had the conversation.

"A. This conversation was taking place while we were proceeding from my residence off Highway 12 to the old West Point Road which is also in Lee County."

We construe the observation of the court, "Well, I think that is correct", as a ruling that the defendant was correct in his contention that the word "offer" was a conclusion.

The District Attorney rephrased the question, and it was answered without further ado, supra. We see no error on the part of the trial court.

**528**

### III.

The trial court sustained the state's objection to a series of questions which were phrased to elicit from the witness Smith, the alleged vendee of the drugs, that he was trying to make as many cases as he could involving drugs so that his friend, Mickey Watson, might get favorable action on his application for probation. Mickey Watson was under conviction involving prohibited drugs. The defense then propounded a question and received an answer as follows:

"Q. Weren't you doing this to try to help Mickey Watson?

"A. Among other reasons, yes, sir."

This answer was an admission that he was trying to help his friend Mickey Watson. It was also an admission of the witness' interest in Mickey.

The defense suffered no injury from the court's prior ruling. Supreme Court Rule 45.

### IV.

Defendant asserts that the trial court committed reversible error in permitting the District Attorney to ask Jerry Popwell, a Deputy Sheriff, whether or not he found any money on the defendant when he searched him. The defendant objected to the question but stated no ground therefor. The ruling is not reviewable. McKanney v. State, supra.

The judgment is due to be and is hereby affirmed.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.