327 So.2d 735

**Troy Murphy OATSVALL**

v.

**STATE.**

**1 Div. 584.**

Court of Criminal Appeals of Alabama.

Dec. 9, 1975.

Rehearing Denied Jan. 20, 1976.

---

1. See: *Gross v. State*, 1975, 56 Ala.App. 709, 325 So.2d 216; *Brown v. State*, 48 Ala.App. 456, 265 So.2d 898 (1972).

J. D. Quinlivan, Jr., Mobile, for appellant.

William J. Baxley, Atty. Gen., and William A. Davis, III, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Robbery; sentence: ten years imprisonment.

Appellant was ably represented on appeal by court-appointed counsel different from counsel appointed in the trial of the case.

On November 21, 1974, around 9:00 or 9:15 P. M., Albert Peyer left the Admiral Semmes Hotel in Mobile and went to his car in a parking lot adjacent to the Admiral Semmes Motor Hotel. The lot was dark and lighted only by adjacent street lights. As he attempted to start his car, a man jerked the door open, put a knife to Peyer's side and then to the rear of his left ear, and demanded money.

The man took a $20 bill, a $1 bill, and six credit cards from Peyer. He then demanded the car keys, but Peyer refused to give them to him and the man ran away toward the rear of the motel. Peyer drove to the police station and reported the incident and gave the police a description of the robber. While driving to the station, Peyer saw the robber running toward Royal Street on the opposite side of the street from the motel.

The police issued a robbery report over their radio system, giving a description of the robber as a white male, approximately 6 feet tall, 150 to 175 pounds, wearing a green fatigue jacket or fatigue shirt and white slacks. Police Officer Donald Pose observed the appellant between 9:30 and 10:00 the same night within a half a block from the Admiral Semmes. Appellant fit the description which Officer Pose had just heard over his radio with the exception that appellant had red hair, whereas the description given police stated long stringy hair, either blond or dirty blond in color. Appellant was wearing a green fatigue jacket and white slacks. Peyer made a positive in-court identification of the appellant.

Officer Pose testified that he stopped the appellant, placed him under arrest and asked for identification. He said the appellant opened his wallet and gave him a driver's license and a selective service card. The driver's license bore the appellant's name, but the officer did not remember the name appearing on the selective service card. Officer Pose said he noticed some credit cards in the wallet and on request, the appellant gave them to him. The credit cards were six in number, each bearing the name of the victim, Albert Peyer.

The officer asked appellant where he got the credit cards, and appellant replied that he had picked them up behind the Continental Trailways Bus Station. At that time defense counsel asked to make a motion outside the presence of the jury. He moved for a mistrial on the ground that appellant had not been advised of his constitutional rights prior to making the statement. The court overruled the motion on the ground that the statement was not incriminating.

Appellant Oatsvall, testifying in his own behalf, stated that he found the credit cards on the sidewalk in front of Channel 10 Television Station, not behind the Continental Trailways Bus Station. He stated that he arrived on the 9:40 P. M. bus from Pensacola, on the way to Memphis. He was on his way from the bus station to a bar when he spotted the cards on the sidewalk in front of the television station and picked them up. He said he was going to drop them in a mailbox or give them to the teller at the bus station, however, he had only gone a few steps when he was arrested with the cards in his possession. He admitted that the cards were in his wallet when the police stopped him.

The appellant testified that the officer asked for identification and that he showed him his selective service card, but did not have a driver's license. He testified that the officer searched him, took his wallet from his pocket and found the credit cards. Appellant stated that he had only $1.00 on him when he was arrested, that he was not in town when the robbery occurred be-

tween 9:15 and 9:30 P. M. and, therefore, he did not commit it. He denied having just come out of the Viking Lounge, next to the television station, when he was arrested.

I

Appellant contends that his statement to the arresting officer that he found the credit cards on the sidewalk was inadmissible since he had not been warned of his constitutional rights prior to making the statement.

On examination of Officer Pose, outside the presence of the jury, he testified that upon observing the credit cards in Oatsvall's wallet, he asked where Oatsvall got them. He stated:

". . . The subject held his billfold out to me and told me that they were not his cards, that he had found them behind the Continental Trailways Bus Station."

■ No objection was made to this statement at that time. It was later, in the presence of the jury, that Officer Pose related the same statement of the appellant, which brought about the appellant's motion for a mistrial. It is not error to allow a witness to relate facts, over objection, which have already been related without objection. The time for objection would have been during voir dire examination of Officer Pose. Instead, the appellant allowed the witness to relate the statement without objection and then waited until the same facts were stated in the presence of the jury before he objected.

This Court and our Supreme Court has repeatedly held that, "[i]t is not error to allow the same facts to be again shown against objection where they have already been proven without objection." *Purser v. State*, 39 Ala.App. 169, 96 So.2d 689 (1957), and cases cited therein.

■ The fact that the first statement was testified to out of the presence of the jury would not alter this rule, in our opinion. The purpose of the voir dire examination was for the trial judge to hear the testimony to be offered and objections thereto in a sterile atmosphere so that uncontaminated evidence would later go to the jury. We are thus not inclined to reverse the trial court where the appellant and his counsel sat silent and failed to make known their objection until the matter was subsequently repeated in the presence of the jury.

■ Likewise, the appellant sat silent and allowed the full statement to be given in the presence of the jury before his request for a mistrial was made. After a question is asked, and a responsive answer given, an objection comes too late, and the trial court will not be put in error absent a motion to exclude and an adverse ruling thereon. *Miller v. State*, 52 Ala.App. 525, 294 So.2d 774 (1974); *Barnett v. State*, 52 Ala.App. 260, 291 So.2d 353 (1974); *Miller v. State*, 48 Ala.App. 28, 261 So.2d 447 (1972).

Further, the statement of the appellant to the police officer was in no way incriminating. In *Duchac v. State*, 52 Ala.App. 327, 292 So.2d 135 (1974), we held that a nonincriminating reply to a police officer's question was not a violation of the appellant's Fifth Amendment rights enunciated in *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694. There, the police officer stopped Duchac and another on a highway and just prior to their arrest, asked them where they were from and, ". . . one of them said—I don't know, someplace, Ohio or something."

In *Bush v. State*, 282 Ala. 134, 209 So.2d 416 (1968), the Alabama Supreme Court held that certain exhibits written by a defendant, unable to talk due to a throat wound, were not inculpatory and were admissible even though their voluntary character had not been established.

■ For a ruling of a trial court to constitute reversible error, it must not only be erroneous, it must also be prejudicial to the appellant. We are unable to find the prejudicial nature of appellant's statement, as

it was in no way inculpatory. *Supreme Court Rule 45.*

## II

We conclude that the officer made a legal arrest of the appellant without a warrant pursuant to Title 15, § 154, Code of Alabama 1940. A felony in fact had been committed; and where the officer observed the appellant within a few minutes of the robbery, within a half block of the scene of the crime; and where the appellant fit the general physical description of the robber and his clothing fit the description of that worn by the robber, the officer had "reasonable cause to believe" that the appellant committed the felony. *Crane v. State,* 55 Ala.App. 619, 318 So.2d 315 (1975).

## III

On cross examination of the appellant, out of the presence of the jury, the following occurred:

"THE COURT: All right. Now, are you going to try to impeach him—what are you going to ask him?

"MR. HALE: I was going to ask him if he was convicted in Florida in 1969 for larceny—auto theft.

"WITNESS: I sure was.

"THE COURT: What is your objection to that, Mr. Kulakowski?

"MR. KULAKOWSKI: Judge, I believe that the rules of evidence require a certified copy of the conviction.

.    .    .    .    .    .

"THE COURT: I'm going to overrule the objection; and, Mr. Oatsvall, all I can tell you is that you are under oath and that you should answer that question truthfully. Bring in the jury, Pat.

"MR. KULAKOWSKI: Judge, I'm going to object on the grounds that the proper method of impeachment in Alabama is to have some kind of evidence

other than that rap sheet that he keeps waving around."

The question was then answered in the affirmative in the presence of the jury without further objection. Appellant was in error on his interpretation of the law in his above objection. It is in the instance of proving prior convictions to enhance punishment that a certified copy of a minute entry is necessary. However, even in that instance, a prior conviction may be proven by the testimony of the defendant himself. *Patton v. State,* 39 Ala.App. 308, 98 So.2d 621 (1957); *Wright v. State,* 38 Ala.App. 64, 79 So.2d 66, cert. denied 262 Ala. 420, 79 So.2d 74 (1954). Title 7, § 435, Code 1940.

For the first time on appeal, appellant objects that a proper predicate was not laid for the above testimony, in that the question to him was not phrased so as to establish that the prior conviction was a crime involving moral turpitude and was not a conviction under a municipal ordinance. It has long been held in this state that specific grounds of objection waive all grounds not specified, and the trial court will not be put in error on grounds not assigned. *Roynica v. State,* 54 Ala.App. 436, 309 So.2d 475, cert. denied 293 Ala. 772, 309 So.2d 485 (1974); *Rogers v. State,* 53 Ala.App. 573, 302 So.2d 547 (1974); *Whiddon v. State,* 53 Ala.App. 280, 299 So.2d 326 (1973); Rule 33, Circuit and Inferior Court Rules, Vol. 3, Code of Alabama 1940.

## IV

The appellant moved to exclude the State's evidence at the end of the State's case in chief and also requested the affirmative charge. The trial court overruled and denied such requests.

Where the evidence raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude or refusal to give the affirmative

charge does not constitute error. *Young v. State,* 283 Ala. 676, 220 So.2d 843 (1969); *Drummond v. State,* 37 Ala.App. 308, 67 So.2d 280 (1953). A conflict between the State's case and the appellant's alibi presents a question for the jury. *Willcutt v. State,* 284 Ala. 547, 226 So.2d 328 (1969); *Price v. State,* 53 Ala.App. 465, 301 So.2d 230 (1974).

█ There was no objection to the trial court's oral charge, however, appellant filed 40 written requested charges, of which 12 were given and 28 were refused. We have reviewed each of the refused charges and find most to be repetitions of the oral charge or given charges. The remainder were affirmative in nature, abstract, incorrect principles of law or not hypothesized upon the evidence. *Lebo v. State,* 55 Ala.App. 624, 318 So.2d 319, cert. denied 294 Ala. 763, 318 So.2d 324 (1975); *Cannon v. State,* 53 Ala.App. 509, 301 So. 2d 272 (1974); *Duchac,* supra; Title 7, § 273, Code of Alabama 1940.

Affirmed.

All the Judges concur.