BOOKOUT, Judge.
Assault and battery; sentence: six months.
On January 31, 1976, a domestic affray took place at a party on McElvy Street in Montgomery, Alabama. The affray culminated with one Rosemary Humphrey suf *467 fering a gunshot wound to the neck. The appellant was indicted, in connection with the shooting, for assault with intent to murder and convicted of assault and battery. A detailed rendition of the facts surrounding the shooting is unnecessary. Suffice it to state that an overwhelming case of assault and battery was presented against the appellant at trial.
I
During a hearing outside the presence of the jury, a statement by the appellant was found to be admissible because it was “volunteered.” Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Commonwealth v. Boyd, 212 Pa.Super. 80, 239 A.2d 853 (1968). After the jury returned, the following colloquy took place:
“Q. Okay. When you walked into the kitchen, sir, prior to talking to the Defendant or placing him under arrest, did the Defendant, Hezekiah Smith, say anything to you or make a statement?
“MR. COLLIER: Now, your Honor, we object to that.
“THE COURT: Overruled.
“Q. Did he, sir?
“A. Yes, sir, he did.
“Q. What did he say?
“MR. COLLIER: We object to what he said.
“THE COURT: Overruled. This is a voluntary statement.
“A. He looked up and said, I shot her. * * * * * *
“MR. COLLIER: Your Honor, before we start cross-examining this witness, the Defendant would object to the Court’s statement a minute ago about this being a voluntary statement.
“THE COURT: The Court having heard the testimony without the presence of the Jury in determining whether or not certain questions should be asked or not has already passed on the question before the Jury was present. The Court still says that under the testimony in this case the only reason the Court would permit it to go in is that this statement was volunteered by the Defendant and no question was asked of him.
“MR. COLLIER: Your Honor, we are going to object to the Court’s remarks.
“THE COURT: Overruled.
“MR. COLLIER: May I state my grounds, Your Honor?
“THE COURT: Yes.
“MR. COLLIER: I believe the question of voluntariness is a question for the Jury to determine and not a question for the Court.
“THE COURT: Well, the Court is due to determine whether it should go before the Jury on the proposition of voluntariness. The Jury has the final determination in determining his innocence or guilt or whether it was a voluntary statement or not a voluntary statement. Go ahead.
“MR. COLLIER: Our exception is noted, I take it, your Honor?
“THE COURT: All right.”
The appellant contends that the trial court erred to reversal because he expressed an opinion that the confession was voluntary. It is clear from the quoted passages above that the trial court merely ruled that the warnings required by Miranda, supra, were not applicable in this case because the statement was “volunteered” or spontaneous. Therefore, we find that the trial court certainly did not comment on the weight or credibility of the confession. We pretermit discussion of further reasons why the trial court’s statement would not constitute reversible error, such as failure to make a timely objection, or whether voluntariness of a confession is for the trial court to determine. See: Wallace v. State, 290 Ala. 201, 275 So.2d 634 (1973); Harris v. State, 280 Ala. 468, 195 So.2d 521 (1967).
II
The trial court admitted into evidence a pistol which the State contended was used by the appellant to shoot Ms. Humphrey. The appellant objected to the admission of the pistol contending that the proper chain of custody had not been proven. We find that the proper chain of custody was not proven and that the pistol *468 should have been excluded from evidence at trial.
Several witnesses testified that the pistol in question was similar to that used by the appellant to shoot Ms. Humphrey. No other information was elicited concerning the pistol. There was no attempt to introduce any fingerprints, ballistics test results, nor results of any other scientific tests. Thus, the value of the pistol as evidence against the appellant was nearly nonexistent. The shooting took place in front of a room full of witnesses, and the case against the appellant was overwhelming. Therefore, as the appellant was not prejudiced in the least by admission of the pistol, we find the error complained of has not injuriously affected his substantial rights. Rule 45, Alabama Rules of Appellate Procedure.
Ill
During the State’s closing argument, the following occurred:
“MR. WALDEN: We object to Mr. Price saying Mr. Smith placed no evidence to contradict the evidence put on by the State.
“MR. PRICE: Your Honor, I did not say the Defendant placed no evidence on the stand. I said there was no evidence to contradict what Mr. Huffman said. There is a big difference in that and what Mr. Walden has just stated.
“THE COURT: Well, whatever the lawyers say is not evidence. The Court would instruct the Jury that the burden of proof is never on the Defendant. It is always on the State of Alabama to prove his guilt beyond a reasonable doubt. Go ahead.
“MR. WALDEN: We would like for the record, if it please the Court, to show that we have an objection to those remarks.
“THE COURT: All right. And let the record show that the Court has overruled your objection.”
We conclude that the remark pointed to the lack of contradiction from other State’s witnesses rather than to the appellant’s refusal to testify. In Tillis v. State, 292 Ala. 521, 296 So.2d 892 (1974), the State made an argument similar to that quoted above. In affirming the conviction in Tillis, Justice Faulkner reasoned as follows:
“. . . The remark could have possibly been interpreted by defendant as a comment on his failure to take the stand in his own behalf or his lack of material evidence. In an appropriate context this is highly prejudicial and would require reversal. But, here the trial court sustained the objection and immediately admonished the jury not to consider the remark. In view of the indirect thrust of the remark and the prompt action of the trial judge, the remark was rendered ‘innocuous.’ ” (Citations omitted.)
In the present case, the trial court overruled the objection, however, we find that due to the indirect thrust of the State’s remark and the admonition to the jury by the trial court that the remark was innocuous. King v. State, 45 Ala.App. 348, 230 So.2d 538 (1970). We find no reversible error.
AFFIRMED.
All the Judges concur.