Second degree murder; sentence: ten years imprisonment. *Page 824 
The evidence presented at trial showed that the appellant killed James Boyce King, also known as Blackie King, by shooting him through the chest. The shooting took place in the presence of a room full of witnesses at the City Cafe, a bar in Huntsville. The State called eleven witnesses, the majority of whom claimed to be eyewitnesses to the shooting. Apparently the shooting was the culmination of an argument over the proceeds of a dice game. The appellant testified that he did not shoot King, however, the main thrust of his defense was a claim of self-defense. The appellant called thirteen witnesses who testified either to the appellant's good character or to King's bad character. Suffice it to merely state that the evidence adduced at trial presented an overwhelming case of second degree murder against the appellant.
 I
The appellant contends that the trial court erred in allowing the State's attorney to ask questions which assumed prejudicial facts not proven. See Campbell v. State, 32 Ala. App. 461,27 So.2d 220 (1946). The first complained of instance resulted in the following colloquy:
 "Q. Did you see this man struck in any other fashion, except by Charles Cantrell, other than after he shot Blackie King?
"A. No, sir.
 "MR. CLOUD: We object, he didn't say he shot Blackie King, he didn't see the gun and we object to that.
"MR. MORGAN: I'll rephrase the question, Judge.
"MR. CLOUD: We ask it be excluded.
"THE COURT: Overrule."
At the time the above colloquy occurred, sufficient evidence had been presented from which the court could easily infer that the appellant had shot King. Therefore, as nothing prejudicial was assumed, the rule in Campbell, supra, was not violated. The question was then rephrased in proper form and the same response was elicited. No prejudicial error thus resulted.
The second contention of appellant concerns the following colloquy:
 "Q. Did you see Blackie King with a knife in his hand?
"MR. CLOUD: We object, he said he never saw a knife.
"THE COURT: Overrule.
 "Q. Where was Blackie King when you saw him with a knife in his hand?
"A. Standing between the openings."
The question objected to did not assume any facts. The witness was merely asked if he saw King with a knife in his hand. The trial court's ruling was entirely proper. The next question did assume that the witness saw King with a knife in his hand, however, no objection was raised to that question and no ruling elicited.
 II
At trial Officer Larry Seaver testified concerning the appellant's arrest and a statement made by the appellant subsequent to the arrest. It was Officer Seaver's testimony that he gave the appellant the appropriate Miranda warnings. Officer Seaver recited the warnings that were given to appellant, and he said that appellant acknowledged an understanding of the Miranda warnings. Later during Officer Seaver's testimony, the following occurred:
 "Q. Did Mr. Hargrove, during this trip to the hospital, make any statements to you?
"A. Yes, sir.
 "MR. CLOUD: We object to any unsolicited statements, that is a conclusion.
"THE COURT: You can ask what he said, if he knows.
 "Q. Officer Seaver, what, if anything, did Mr. Hargrove say to you on the way to the hospital?
 "A. He told me he should have killed him twenty years ago and that he shot him right in the heart, that he was an expert shot." (Emphasis added.)
The appellant contends on appeal that the proper predicate was not laid for the admission of the above statement. He contends that there was no showing that the *Page 825 
statement was voluntarily given as required by McNair v. State,50 Ala. App. 465, 280 So.2d 171, cert. denied 291 Ala. 789,280 So.2d 177 (1973). While all confessions are considered to be prima facie involuntary, the present confession was especially suspect due to the apparent dazed condition of appellant following a severe beating which was inflicted on him after the shooting and before his inculpatory statement to Officer Seaver. The beating was inflicted by King (after he had been shot through the chest) and by King's cohorts in the bar.
The italicized portion above was the only objection at trial to the appellant's confession. Specific grounds of objection waive all grounds not specified, and the trial court will not be put in error on grounds not assigned. Rogers v. State,53 Ala. App. 573, 302 So.2d 547 (1974). The objection was unclear, and it certainly did not specify that the proper predicate, i.e., proof that the statement was voluntarily given, had not been laid. Apparently the State contends, as did the trial court, that the appellant's statement was "volunteered" or spontaneous. See Miranda v. Arizona, 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Commonwealth v. Boyd,212 Pa. Super. 80, 239 A.2d 853 (1968). We pretermit discussion of the validity of the State's contention because we find that the appellant did not properly object to the admission of the statement.
Likewise, the objection came after the first question was answered; no ruling was elicited from the trial judge on the objection; the second question was propounded to the witness without objection, and; the witness then gave an answer unfavorable to appellant. After the answer, no motion to exclude was made. See Graham v. State, 40 Ala. App. 471,115 So.2d 289 (1959); Miller v. State, 52 Ala. App. 525,294 So.2d 774 (1974); Oatsvall v. State, 57 Ala. App. 240, 327 So.2d 735
(1976).
 III
During the period between the appellant's preliminary hearing and trial, the appellant attempted to depose Bernard Webb, the owner of the City Cafe. Title 15, § 297, Code of Alabama 1940 (Recompiled 1958) reads as follows:
 "The defendant may take the deposition of any witness, who, from age, infirmity, or sickness, is unable to attend court; or who resides out of the state, or more than one hundred miles from the place of trial, computing by the route usually traveled; or who is absent from the state; or where the defense, or a material part thereof, depends exclusively on the testimony of the witness."
Apparently the depositions were not allowed by the trial court. We say apparently because we find no ruling in the record on the appellant's Title 15, § 297 motion. Absent a ruling contained in the record, we have nothing to review. Frazier v.State, 53 Ala. App. 492, 301 So.2d 256 (1974).
 IV
The appellant requested that one hundred twenty written charges be given to the jury. The trial court gave only five. The refused written charges were either affirmative in nature, incorrect statements of applicable law, argumentative under the evidence, confusing, or were fairly and substantially covered in the oral charge. We have carefully reviewed the refused charges and compared them to the given charges and to the court's oral charge. We find that the trial court committed no error in refusing the one hundred fifteen requested charges.Barnett v. State, 52 Ala. App. 260, 291 So.2d 353 (1974).
AFFIRMED.
All the Judges concur. *Page 826