BOWEN, Judge.
The appellant was indicted for the first degree murder of one Andrew Fletcher by the Grand Jury of Montgomery County, Alabama, February, 1976 term. On December 8, 1976, the appellant was tried and found guilty of murder in the second degree. The jury fixed punishment at twenty years imprisonment. Judgment and sentence were properly entered and this appeal, in forma pauperis, follows.
The appellant has been previously tried and convicted )for murder in the second degree) on the same indictment for which he was convicted in the present case. This court affirmed the former conviction of the appellant in Ausborn v. State, Ala.Cr.App., 338 So.2d 482 (1976). This record does not show the reason the first conviction of the appellant came to be retried. The Attorney General, in his brief on appeal, states on information and belief that counsel for the appellant after his first trial filed a petition for a writ of error coram nobis in the trial court alleging ineffective assistance of counsel. Counsel then confessed his ineffectiveness at the hearing and on that basis the trial court granted a new trial. On this appeal, no issue is taken with the manner in which the appellant came to be retried.
The evidence presented by the state revealed that on the evening of December 19, 1975, the appellant and Andrew Fletcher had an argument. The next morning, Fletcher was visiting at the residence located at 2465 Hickman Street, Montgomery, Alabama. The appellant drove up outside this residence and waited with the barrel of a sawed-off shotgun resting in the open window of his automobile. When Fletcher went to his truck he had to pass the appellant’s automobile. As he did, some words passed and Fletcher turned his head toward the appellant who shot Fletcher with the shotgun.
The coroner for Montgomery County testified that Fletcher died as a result of a shotgun blast to the right side of his face fired at a distance of three to eight feet.
Both in his statement to the police and his testimony at trial, the appellant admitted shooting the deceased but claimed it was in self-defense. He stated that on the evening before the killing he and Fletcher had an argument when he asked Fletcher to leave his cafe. Shortly thereafter Fletcher smashed the windshield of the appellant’s automobile. The appellant then went to meet Fletcher to discuss payment for the broken windshield. Because he knew that Fletcher sometimes carried a gun, the appellant took his shotgun to the meeting. In his statement to the police, the appellant admitted that he sawed off the barrel of the shotgun the morning of the killing. At trial, the appellant denied the truth of this statement.
According to the appellant, Fletcher grabbed the shotgun and it discharged killing the aggressor. The condition of the shotgun was such that it had to be held together while firing. The trigger did not function and the hammers or “rabbit ears” would not cock. The weapon could only be fired by pulling a hammer back and releasing it.
I
The appellant asserts that it was error to allow the District Attorney to bolster the character of an alleged victim of *1193 crime when his character has not been attacked by the defense. The portion of the record giving rise to the alleged error is as follows:
“Q. (By the Assistant District Attorney) Now, from the time that you have known Mr. Fletcher, Mrs. Davis, to your personal knowledge has he ever been convicted of a felony in this State?
“A. No, he hasn’t.
“Q. Any place?
“A. No.
“MR. ALLEN (Defense Counsel): We object to this line of questioning.
“MR. PRICE (Assistant District Attorney): I have no further questions.”
The question itself was objectionable but no objection was made until after the answer. There was no adverse ruling by the court and no motion to strike or exclude. After a question is asked, and a responsive answer given, an objection comes too late, and the trial court will not be put in error absent a motion to exclude or strike an adverse ruling thereon. Oatsvall v. State, 57 Ala.App. 240, 327 So.2d 735, cert. denied, 295 Ala. 414, 327 So.2d 740 (1975); Willingham v. State, 261 Ala. 454, 74 So.2d 241 (1954).
II
The appellant complains that the trial court should have excluded the state’s evidence, directed a verdict for the appellant, and given the written requested affirmative charge. There is legal evidence from which the jury can by fair inference find the appellant guilty. The verdict of the jury should not be disturbed. Colston v. State, 57 Ala.App. 4, 325 So.2d 520, cert. denied, 295 Ala. 398, 325 So.2d 531 (1975), 7 Alabama Digest, Criminal Law, Key Number 1159.2(4).
III
Finally the appellant urges that it was error for the trial court to refuse to give his written charge. This charge reads as follows:
“Ladies and Gentlemen of the Jury, I charge you that if you find from the evidence that the Defendant believed himself to be in imminent and grave danger and defended himself accordingly then it is your duty to find him not guilty in that he acted in self-defense.”
This charge pretermitted consideration of freedom from fault and the qualified duty to retreat as essential elements of the defense of self-defense, and it was properly refused. Grady v. State, 51 Ala.App. 143, 283 So.2d 453 (1973); Mitchell v. State, 53 Ala.App. 58, 297 So.2d 383, cert. denied, 292 Ala. 742, 297 So.2d 388 (1974). In any event, the court’s oral charge properly covered all elements of the defense of self-defense. Smith v. State, 45 Ala.App. 48, 223 So.2d 289 (1969). The refusal to give the charge requested by the appellant was not error.
We have considered the entire record as required by Title 15, Section 389, Code of Alabama 1940 and conclude that there is no prejudicial error therein. The judgment of the trial court is
AFFIRMED.
All Judges concur.