Len Pettaway was indicted for rape in the first degree in violation of § 13A-6-61, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment". He was sentenced to life imprisonment without parole as a habitual felony offender.
The prosecutrix testified that, at 5:30 on the morning of October 6, 1984, she was asleep in her bedroom when she heard a knock on the door. She went downstairs and determined that her cousin, the appellant, was at her door. The appellant asked her to take him home. The prosecutrix replied that she could not do this because she didn't want to awaken her child. She then told the appellant to lie on the couch and she would take him home later.
The appellant sat on the couch and the prosecutrix went back upstairs and got in her bed. Approximately five minutes later, the appellant jumped on her bed and straddled her. He was naked and had a knife in his hand. The appellant said he wanted to "fuck" the prosecutrix and told her not to scream or move. The prosecutrix protested and then complied with the appellant's demand that she take off her clothes. The appellant then put the knife on the pillow and proceeded to have intercourse with the prosecutrix.
After an hour passed, the prosecutrix got out of bed and went into the bathroom and took a bath. When she came out of the bathroom, the appellant was asleep in the bed and had his pants on. The prosecutrix then ran to a nearby telephone booth and called a friend who called the police.
C.W. Robinson, an officer with the Mobile Police Department, arrived at the prosecutrix's residence at 8:30 that morning. After talking to the prosecutrix, Robinson went upstairs and found the appellant in bed. The appellant was arrested and advised of his rights.
Robinson conducted a search of the prosecutrix's home. Appellant's shirt and shoes were found downstairs beside the couch. The knife used by the appellant was found in the kitchen sink.
The appellant testified that he stopped by the prosecutrix's house that morning to get a ride home. The prosecutrix told him to come inside and to sleep in her bed and she would take him home later. The prosecutrix went to sleep in her child's bedroom.
While the appellant was asleep in the prosecutrix's bed the police came in and woke him up. He was then handcuffed and charged with first degree rape. The appellant denied raping the prosecutrix. He admitted four previous convictions.
On cross-examination the appellant said he had been at the Ponderosa Club prior to going to the prosecutrix's residence. He denied going to Barbara Lowe's house before he stopped at the prosecutrix's house.
On rebuttal Barbara Lowe, sister of the prosecutrix, testified. She stated that, at 5:00 on the morning in question, the appellant came into her bedroom at her mother's house while she was asleep. She woke up and saw the appellant standing by the bed. *Page 886 
She screamed and her father threw the appellant out of the house.
 I
The appellant contends that the evidence concerning the appellant going into Lowe's bedroom was inadmissible because it was evidence of another offense not charged in the indictment. Generally, evidence of other or collateral crimes is not admissible to show the bad character of the accused or his inclination or propensity to commit the crime for which he is charged. C. Gamble, McElroy's Alabama Evidence, § 69.01 (1) (3rd ed. 1977). However, there are numerous exceptions to this general rule. McElroy's, supra, § 69.01 (1) through 69.01 (11).
One of those exceptions is applicable here. Evidence of other crimes is properly admissible as part of the res gestae if all of the criminal acts are part of one continuous criminal adventure by the same party occurring within a matter of hours.Miller v. State, 405 So.2d 41 (Ala.Crim.App. 1981). See alsoMoseley v. State, 357 So.2d 390 (Ala.Crim.App. 1978); Summersv. State, 348 So.2d 1126 (Ala.Crim.App.), cert. denied,348 So.2d 1136 (Ala. 1977).
At 5:00 a.m. on the morning in question, the prosecutrix's sister awoke and found the appellant standing next to her bed. After being thrown out of this house, the appellant, within thirty minutes went to the prosecutrix's house. Once the prosecutrix got into bed, the appellant went into her bedroom and raped her. Certainly these events constitute a continuous criminal adventure by the appellant within a short period of time. Thus, the evidence of the incident in Lowe's bedroom was properly admissible as part of the res gestae. Miller, supra.
Further, the appellant asserts that Lowe's testimony constituted impeachment on an immaterial matter. We need not address this assertion because the appellant failed to raise this issue in the trial court.
 II
The appellant challenges the sufficiency of the evidence. Section 13A-6-61 (a)(1) states that a male commits the offense of rape in the first degree if he engages in sexual intercourse with a female by forcible compulsion.
There is ample evidence that the act charged was committed by forcible compulsion. The prosecutrix testified that the appellant had a knife when he straddled her on the bed. He told her he wouldn't hurt her if she did not scream or move. The prosecutrix testified that she was scared of the appellant and worried that he might kill her.
The appellant asserts that there was no evidence that the appellant had "sexual intercourse" with the prosecutrix. The prosecutrix testified that the appellant had "intercourse" and that she was penetrated by the appellant with his penis. The appellant contends this evidence is not sufficient to prove the required element of rape that "an actual penetration of the female sex organ by the male sex organ occurred." Rowe v.State, 421 So.2d 1352, 1356 (Ala.Crim.App.), cert. denied,421 So.2d 1352 (Ala. 1982). The appellant's contention that he may have penetrated "her ear, mouth or anus, [and] not necessarily her vagina" is absurd. (Appellant's brief, p. 20).
"Penetration and sexual intercourse are synonymous terms."Harris v. State, 333 So.2d 871 (Ala.Crim.App. 1976).
The prosecutrix testified that the appellant had "intercourse" with her and penetrated her with his penis. When this testimony is considered with the appellant's statement to the prosecutrix that he wanted to "fuck" her, it is clear that there was proper proof of sexual intercourse in its ordinary meaning.
We find there was sufficient evidence from which the jury could conclude, by fair inference, that the appellant was guilty of rape in the first degree beyond a reasonable doubt. *Page 887 
The judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.