TYSON, Judge.
James Richard Goff was indicted for sodomy in the first degree in violation of § 13A-6-63, Code of Alabama 1975. He was found “guilty as charged in the indictment” and was sentenced to life imprisonment without the possibility of parole. He raises two issues on appeal.
I
The appellant contends that the trial court erred in denying his motion for a continuance because the State failed to comply with certain discovery requests. The appellant filed a pre-trial motion for discovery on October 10, 1989. The request included the results of a rape kit, photographs, police reports, hospital records, and the names of witnesses. The motion was granted on October 16, 1989. *1036 On the day the motion was granted, the defendant filed a motion for extraordinary expenses in the amount of $200. The face of that motion indicates that it was granted on October 19, 1989. On October 19th, the appellant moved for a continuance. The motion stated that he was not provided with the requested discovery material because the district attorneys were not in Henry County during the week of October 9 and were in trial during the week of October 16. The motion also stated that the appellant had been involved in a trial in Houston County and had not been able to work with his attorney to properly prepare for trial. The following exchange occurred immediately before the trial on October 24:
“Mr. Spencer: Your honor, at this time I would like to renew my motion for continuance filed approximately ten days ago and ruled on yesterday. I stated the reasoning for my motion for continuance in that two weeks ago, the week of October 9 ...
“The Court: Is that already on record?
“Mr. Spencer: Yes, Your Honor.
“The Court: I deny the motion.” (R.7)
“The decision of whether to grant a continuance in a criminal action is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed on appeal unless greatly abused.” Briggs v. State, 549 So.2d 155, 159 (Ala.Crim.App.1989). See also Reeves v. State, 530 So.2d 894 (Ala.Crim.App.1988). Because the record fails to show any way in which the appellant was prejudiced by the denial of the motion for continuance, we find no merit in this argument. We also note that the appellant was represented by his current counsel at his September 22 arraignment. Thus, the appellant had at least a month to adequately prepare for trial. See, e.g., Jackson v. State, 549 So.2d 616 (Ala.Crim.App.1989); Reeves; Watson v. State, 389 So.2d 961 (Ala.Crim.App.1981).
The appellant also contends that the granting of his motion for extraordinary expenses was of no use because it was granted the day before the trial. This issue was not raised in the trial court and, thus, was not preserved for review. Maul v. State, 531 So.2d 35 (Ala.Crim.App.1987); Hargrove v. State, 344 So.2d 823 (Ala.Crim.App.1977).
II
The appellant next contends that the court erred in admitting evidence of the victim’s vaginal injuries because, he says, it was not relevant to the charge of first degree sodomy.
The victim, who was five years old at the time of the incident, testified that the appellant took her to his trailer; that he took off his shirt and took off her clothes; and that he punched her mouth and made her touch his private part with her mouth. She also testified that the appellant put his finger in her vagina and hurt her when he did this. The doctor who examined the victim shortly after the incident testified that she had two, fresh vaginal tears. A photograph of the tears was admitted into evidence.
Although evidence of vaginal intercourse is not required to prove sodomy in the first degree, the evidence was properly admitted as part of the res gestae. “Evidence of other crimes is properly admissible as part of the res gestae if all of the criminal acts are part of one criminal adventure by the same party within a matter of hours.” Pettaway v. State, 494 So.2d 884, 886 (Ala.Crim.App.1986). See also Lokos v. State, 434 So.2d 818 (Ala.Crim.App.1982), aff’d, 434 So.2d 831 (Ala.1983); Davenport v. State, 426 So.2d 473 (Ala.Crim.App.1982) (evidence of accused’s commission of another crime is admissible if the other crime is inseparably connected to the now-charged crime).
The appellant further contends that the photograph of the vaginal tears was prejudicial and inflamed the jury. This argument also has no merit. Gruesome or unsightly photographs are admissible if they tend to illustrate the truth of other testimony. Updyke v. State, 501 So.2d 566 (Ala.Crim.App.1986); Hopkins v. State, 429 So.2d 1146 (Ala.Crim.App.1983).
*1037 For the reasons set forth above, this case is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.