JAMES H. FAULKNER, Retired Justice.
Alvin Morris was indicted for the offense of rape in the first degree, in violation of § 13A-6-61, Code of Alabama 1975. The jury found Morris guilty of the lesser included offense of sexual abuse in the first degree. Morris was sentenced to a split sentence of 10 years, with 2 years to serve and 5 years’ probation.
The sole issue raised on appeal is whether the trial court erred in denying Morris’s motion for continuance to allow defense counsel additional time to prepare for his case.
At Morris’s arraignment on April 10, 1991, defense counsel was appointed to represent Morris. On May 28, 1991, the date set for trial, defense counsel moved for a continuance because he had been unable to talk to Morris until five days before trial and because he had been unable to adequately prepare for trial.
The trial court noted that Morris, who had forfeited bond and who had been arrested and released on a higher bond, had a history of not doing what he was supposed to do and that Morris, who was out on bond during the entire 48-day period between arraignment and trial, had failed to cooperate with defense counsel.
“The decision of whether to grant a continuance in a criminal action is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed on appeal unless clearly abused.” Briggs v. State, 549 So.2d 155, 159 (Ala.Cr.App.1989). “This is true even where an alleged lack of preparation by counsel is the result of the refusal of the accused to cooperate with counsel.” Cotton v. State, 481 So.2d 413, 416 (Ala.Cr.App.1985).
Because the record indicates that defense counsel had 48 days to prepare for trial and that the alleged lack of preparedness was due to Morris’s own lack of cooperation, the trial court did not abuse its discretion in denying the motion for continuance. Goff v. State, 574 So.2d 1035 (Ala.Cr.App.1990).
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.